

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00283-CR

_____

SHANNON CHARLES SCOTT, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CR17-0757

Before Gabriel, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Gabriel

**MEMORANDUM OPINION**

A jury convicted Appellant Shannon Charles Scott of delivery of a controlled substance, methamphetamine, in an amount less than one gram, and assessed his punishment at five years' confinement. *See* Tex. Health & Safety Code Ann. § 481.112(b). Scott was also ordered to pay $534 in court costs, and although found indigent for appeal, Scott was ordered to contribute to the cost of his appointed appellate counsel.[1] Scott does not challenge the merits of either his conviction or his sentence. Instead, in two points, Scott argues that the trial court erred by determining that he had the ability to pay all or part of the costs of his appointed appellate counsel and that the $25 time payment fee assessed against him as court costs is facially unconstitutional. The State did not file a brief. We will modify the judgment and affirm the judgment as modified.

## I. CONTRIBUTION TO THE COST OF APPOINTED APPELLATE COUNSEL

In his first point, Scott argues that the trial court erred by determining that he had the ability to pay all or part of the costs of his appointed appellate counsel. A trial court has the authority to order the reimbursement of appointed attorney's fees "[i]f the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided." Tex.

---

[1]The trial court found that Scott was not indigent for trial. It rendered the order at issue thirty days after judgment.

Code Crim. Proc. art. 26.05(g). The determination of a defendant's ability to pay must be made at the time of the judgment or order at issue. *Wolfe v. State*, 377 S.W.3d 141, 146 (Tex. App.—Amarillo 2012, no pet.); *see Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013) ("Code of Criminal Procedure Article 26.05(g) requires a present determination of financial resources and does not allow speculation about possible future resources."). The record must reflect some factual basis to support the trial court's determination regarding the defendant's ability to pay. *Wolfe*, 377 S.W.3d at 144. "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). We review the evidence in the light most favorable to the judgment when deciding whether the record contains legally sufficient evidence to support these elements. *Id.* at 557.

After a defendant is found to be indigent, he is "presumed to remain indigent unless there is a 'material change' in his financial status, and in the absence of any indication in the record that his financial status has in fact changed, the evidence will not support an imposition of attorney fees." *Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013); *see* Tex. Code Crim. Proc. art. 26.04(p). When a trial court fails to find that the defendant's financial status has changed after initially finding the defendant to be indigent, the record is insufficient and will not support an order to

3

pay attorney's fees arising from appointed counsel's representation. *Wiley*, 410 S.W.3d at 317.

Here, in its July 25, 2019 "Order Determining Appointment of Counsel," the trial court found that Scott was entitled to the appointment of appellate counsel because he was indigent. In that same order, the trial court also determined that Scott had the "present financial resources and/or an ability to pay all or part of the cost of legal services and related expenses" relating to the appointment of his appellate counsel, and the trial court "ordered that [Scott] . . . contribute to the cost of the legal services and related expenses" of his appointed appellate counsel. The only evidence in the record pertaining to Scott's financial resources and ability to pay his appointed appellate counsel at the time the trial court entered its order was an affidavit of indigency filed by Scott along with his application for appointed counsel. In that uncontroverted affidavit of indigency, Scott averred that he was incarcerated, unemployed, and had no assets.

There is no evidence in the record that Scott had the financial resources and ability to pay all or part of the costs of his appointed appellate counsel at the time the trial court signed its July 25, 2019 "Order Determining Appointment of Counsel." Indeed, the trial court determined in that order that Scott was indigent. Accordingly, we conclude that the evidence is insufficient to support a finding that Scott had the financial resources and ability to pay costs associated with his appointed appellate

4

counsel.  *See* Tex. Code Crim. Proc. art. 26.04(p); Tex. Code Crim. Proc. art. 26.05(g); *Wiley*, 410 S.W.3d at 317; *Cates*, 402 S.W.3d at 252; *Mayer*, 309 S.W.3d at 556.

When insufficient evidence supports a trial court's ordering of reimbursement of attorney's fees, the appropriate appellate remedy is to modify the trial court's order to delete the reimbursement of attorney's fees.[2]  *See Cates*, 402 S.W.3d at 252.  We thus sustain Scott's first point and modify the trial court's July 25, 2019 "Order Determining Appointment of Counsel" to delete the finding that Scott has financial resources and/or an ability to pay all or part of the costs of the legal services and related expenses of his appointed appellate counsel and delete the order that Scott is required to contribute to the cost of the legal services and related expenses of his appointed appellate counsel.  *See Argueta v. State*, No. 02-18-00055-CR, 2019 WL 2429403, at *2 (Tex. App.—Fort Worth June 6, 2019, no pet.) (mem. op., not designated for publication) (modifying judgment to delete court-appointed attorney's

---

[2]We note that no specific dollar amount has been assessed against Scott for his appointed appellate counsel.  Nevertheless, the trial court determined that Scott is responsible for contributing to the costs of his appointed appellate counsel.  Scott's point, therefore, is ripe for consideration.  *See Jones v. State*, 428 S.W.3d 163, 172 n.2 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("The State contends that this issue is not ripe for consideration because no specific dollar amount of attorney's fees has been assessed against appellant.  Although the State is correct that the trial court has not determined the precise amount of attorney's fees that appellant should pay, it determined in its written judgment that appellant is responsible for attorney's fees and ordered appellant to pay attorney's fees.  This issue, therefore, is ripe for consideration by this Court."); *Ramirez v. State*, 432 S.W.3d 373, 377 (Tex. App.—San Antonio 2014, pet. ref'd) (holding trial court's determination that indigent defendant was to contribute to the cost of appointed counsel was ripe for review despite the fact that amount of fees had yet to be determined).

5

fees when "no factual basis exist[ed] in the record to support a determination that [the defendant] could pay" the court-appointed attorney's fees); *West v. State*, 474 S.W.3d 785, 795 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (holding trial court erred in ordering reimbursement of court-appointed attorney's fees where "the record contain[ed] no evidence of appellant's ability to pay for legal representation").

## II.  THE TIME PAYMENT FEE

In his second point, Scott argues that the $25 time payment fee assessed against him as a court cost is facially unconstitutional.  The authority for assessing the time payment fee is contained in Section 133.103 of the Local Government Code.  *See* Tex. Loc. Gov't Code Ann. § 133.103.  Section 133.103(a)(2) provides that a person convicted of a felony must pay a fee of $25 if he "pays any part of a fine, court costs, or restitution on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, or restitution."  *Id.* § 133.103(a)(2).  As we have recently observed, "[u]nder the language of this provision, the $25 late-payment fee can be assessed only if the convicted party pays any part of the fines, court costs, or restitution assessed against him more than thirty days *after* the trial court entered the judgment."  *Tinajero v. State*, No. 02-19-00040-CR, 2019 WL 5460675, at *2 (Tex. App.—Fort Worth Oct. 24, 2019, no pet. h.) (mem. op., not designated for publication) (emphasis in original) (citing Tex. Loc. Gov't Code Ann. § 133.103(a)).

Here, the trial court included the $25 time payment fee *in the judgment it entered* "before the condition triggering the assessment of the [time payment fee]—late

6

payment—could have occurred."[3] *Id.*; *Prescott v. State*, No. 02-17-00158-CR, 2019 WL 2635559, at *5 (Tex. App.—Fort Worth June 27, 2019, no pet.) (mem. op., not designated for publication). The record therefore does not support the assessment of the $25 time payment fee assessed against Scott. Accordingly, we sustain his second point to the extent that we modify the trial court's judgment, order to withdraw funds, and the bill of costs to delete this fee. *See Tinajero*, 2019 WL 5460675, at *2 (modifying judgment, order to withdraw funds, and bill of costs to delete time payment fee); *Prescott*, 2019 WL 2635559, at *5 (modifying judgment to delete time payment fee). Because we may not determine the constitutionality of a statute unless that determination is absolutely necessary to decide the case, *see Salinas v. State*, 464 S.W.3d 363, 366 (Tex. Crim. App. 2015), we do not reach Scott's constitutionality argument. *See Prescott*, 2019 WL 2635559, at *5 (declining to reach appellant's argument that the time payment fee is facially unconstitutional after modifying judgment to delete time payment fee); *see also* Tex. R. App. P. 47.1.

---

[3]We note that the bill of costs states that the "Time Payment Fee is not applicable and shall be removed if the fine and court costs are paid in full prior to the 31[st] day after the date of Judgment." Despite that language, the trial court's judgment included the $25 time payment fee in the total of assessed court costs, and the trial court's order to withdraw funds—rendered the same day as the trial court's judgment—likewise included the $25 time payment fee in the calculation of the funds to be withdrawn from Scott's inmate trust account.

## III. CONCLUSION

Having sustained Scott's first point, we modify the trial court's July 25, 2019 "Order Determining Appointment of Counsel" to delete the finding that Scott has financial resources and/or an ability to pay all or part of the costs of the legal services and related expenses of his appointed appellate counsel and delete the order that Scott is required to contribute to the cost of the legal services and related expenses of his appointed appellate counsel. Having sustained Scott's second point without reaching his constitutionality argument, we modify the trial court's judgment, order to withdraw funds, and bill of costs to delete the $25 time payment fee. We affirm the trial court's judgment as modified.

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 12, 2019