COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| IN THE INTEREST OF P.J.P.R,  a Child. | § | |
| | § | No. 08-14-00245-CV |
| | § | Appeal from the |
| | § | 383rd Judicial District Court |
| | § | of El Paso County, Texas |
| | § | (TC# 2012DCM09060) |
| | § | |

## **O P I N I O N**

Appellant, Elizabeth Renteria, challenges an amended judgment signed by the trial court five days after its plenary power expired.  For the reasons stated below, we dismiss the appeal for want of jurisdiction, but declare the amended judgment void.  This leaves intact the original final order of April 17, 2014.

### **FACTUAL SUMMARY**

The underlying suit was filed on October 4, 2012.  Dina Arlene Perez, the self-described "step mother" of P.J.P.R., filed the Suit Affecting the Parent Child Relationship (SAPCR) against the biological mother, Elizabeth Renteria.  Dina Perez and Elizabeth Renteria became a couple in 1987.  P.J.P.R. was conceived through artificial insemination and carried to term by Elizabeth Renteria.  Perez and Renteria broke up in 2008, but continued to live together until

1

2012. In the suit, Perez sought among other things to be named the joint managing conservator with the exclusive right to designate the primary residence of the child.

Elizabeth Renteria answered and filed her own counter petition. She asked to be named the sole managing conservator of the child. She later filed a supplemental counter petition asserting a fraud claim related to a real estate transaction and warranty deed. The case was filed in the 383rd District Court whose judge referred the matter to an associate judge. The associate judge entered interim temporary orders which designated both Perez and Renteria as temporary joint managing conservators, but gave Renteria the exclusive right to designate the primary residence "within El Paso County, Texas."

The associate judge heard the case and apparently announced his intended rulings with respect to several issues; both parties filed written motions to reconsider. Perez's motion complained about the court's omission of geographic restrictions for the child's residence. She claimed that it would be difficult for her to maintain a relationship with the child if the child was taken out of El Paso County. Renteria's Motion to Reconsider sought to compel Perez to execute a special warranty deed, limit Perez's visitation rights, and limit the kind of movies, magazines or media that the child could view while in her care.

On April 17, 2014, the district court signed its Order in Suit Affecting the Parent-Child Relationship. The comprehensive thirty-seven page order addressed the rights of both women as joint managing conservators, child support, health insurance, and like issues. Renteria was again given the exclusive right to designate the primary residence of the child but "without regard to geographic location." The order contains a Mother Hubbard clause and purports to address all the issues raised by the parties.

On May 30, 2014, the associate judge heard both parties' motions to reconsider. On a form labeled "Judge's Miscellaneous Orders" the associate judge recited that both parties appeared in person and through counsel. It then stated that Perez's Motion to Reconsider "is granted: There is a geographic restriction to El Paso, Texas." The order purports to deny Renteria's Motion to Reconsider as to issues of the warranty deed and limitations on visitation rights. It purports to grant Renteria's motion to the extent of disallowing either woman from prohibiting the child from having contact with the other's parents, or their families, during school extracurricular activities. Renteria was also to give verification of payments for medical bills and school tuition, which in turn triggered Perez's obligation to reimburse Renteria.

These rulings are all handwritten onto the pre-printed form. The associate judge signed in a blank labeled "Proposed by/Signed and Rendered on" which is followed by a date for the signature. A place was provided for the presiding judge of the referring court to adopt, sign and order the matters noted above. That signature blank, however, was not signed. A notice at the bottom of the form directed the attorneys to "prepare the proposed judgment" and appear on June 18, 2014, "to enter the judgment in this cause."

The docket sheet does not reflect that either party filed any sort of request for a *de novo* hearing to the referring court. The judge of the 383rd did, however, sign a "First Amended Order in Suit Affecting the Parent-Child Relationship Following Motion to Reconsider" on August 5, 2014. That order differed from the original order in several respects, including allowing Renteria the exclusive right to designate the primary residence of the child within El Paso County (and not without any geographical limitation as per the original order). Renteria filed her notice of appeal on August 21, 2014.

**PLENARY POWER**

3

In a single issue, Renteria challenges the amended order on the SAPCR because the trial court had lost jurisdiction over the case by the time the amended order was signed. Perez elected not to file a brief in reply.

A trial court retains jurisdiction for thirty days after signing a final judgment. *See* TEX.R.CIV.P. 329b(d) ("[R]egardless of whether an appeal has been perfected," trial court retains "plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed."). The parties may extend that plenary power by timely filing an appropriate post-judgment motion. *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). Here, both parties filed motions to reconsider which would qualify as a motion to modify, correct, or reform the judgment under Rule 329b(g). TEX.R.CIV.P. 329b(e), (g). Even though the motions were filed before the date of the final order, for the purposes of extending the appellate deadlines they are deemed filed immediately following its entry. TEX.R.CIV.P. 306c (so stating for prematurely filed motions for new trial); TEX.R.APP.P. 27.2 ("[t]he appellate court may treat actions taken before an appealable order is signed as relating to an appeal of that order and give them effect as if they had been taken after the order was signed."); *Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011) ("Thus, the premature filing rules in civil rule 306c and appellate rule 27.2 apply equally to motions for new trial or to modify the judgment.").

Upon the timely filing of a 329b motion, the trial court's plenary power is extended until thirty days after the motion is overruled. TEX.R.CIV.P. 329b(e); *Faulkner v. Culver,* 851 S.W.2d 187, 188 (Tex. 1993). When the trial court does not expressly rule on a 329b motion, the motion is overruled as a matter of law on the 75th day after the judgment was signed. TEX.R.CIV.P. 329b(c); *Cecil v. Smith,* 804 S.W.2d 509, 511 (Tex. 1991). Under that scenario, both parties'

4

motions for reconsideration would have been overruled by operation of law on July 1, 2014, and the trial court would have lost jurisdiction over the case after July 31, 2014. Because the amended order was not signed until August 5, 2014, a mechanical application of these rules compels a finding that the amended order was signed after the trial court lost its power to do so.

If a trial court's judgment is altered or amended within the period of its plenary power, however, the appellate timetable starts anew. *Lane Bank Equip. Co.,* 10 S.W.3d at 313. Thus we consider whether the associate judge's order on May 30, 2014 itself altered or amended the district court's April order and created a new appellate time table. The May 30 order indeed recited changes to be made to the April order. But the text of the order convinces us that it was a proposal that the district court could accept or reject. The order contemplated that a proposed judgment was to be drafted, replacing the handwritten recommendations of the associate judge, which in turn were to be presented at a hearing on June 18, 2014 (well within the time frame of the trial court's continuing plenary power). Our record is unclear whether that hearing ever occurred or why the amended order was not signed until August.

The Family Code also compels the conclusion that the associate judge's May 30, 2014 order does not itself modify the April order. An associate judge's proposed order is in full force and effect pending *de novo* review, but when no request for a *de novo* hearing is made, "the proposed order or judgment of the associate judge becomes the order or judgment of the referring court *only on the referring court's signing* the proposed order or judgment." TEX. FAM. CODE ANN. § 201.013(b) (West 2014) (emphasis supplied). The referring court never signed the May 30, 2014 order though a signature blank was included on the order for that purpose. Another exception might arise under TEX.FAM. CODE ANN. § 201.007(c) (West 2014) which provides that an "order described by Subsection (a)(14)" constitutes an order of the referring

5

court once it is signed by the associate judge. *Id*. In turn, Subsection (a)(14) includes those orders "agreed to in writing as to both form and substance by all parties[.]" *Id*. The May 30, 2014 order has a section for "approvals" which is signed by only one party, and the approval does not state that it constituted an agreement as to both form and substance.

Consequently, the May 30, 2014 Judge's Miscellaneous Orders did not modify or amend the district court's April 17, 2014 final order and the appellate time tables all ran from April 17, 2014. Because the amended order was not signed until after the trial court's plenary power had expired, the amended order was void. *See State ex rel. Latty v. Owens,* 907 S.W.2d 484, 486 (Tex. 1995); *see also Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex. 1990) (defining a void judgment as one rendered when a court has no jurisdiction over the parties or subject matter, no jurisdiction to render judgment, or no capacity to act as a court). A party affected by a void judicial action need not appeal, but if an appeal is taken, the appellate court may void any orders the trial court signed after it lost plenary power and then dismiss the appeal. *State ex rel. Latty,* 907 S.W.2d at 486*; In re T.G.*, 68 S.W.3d 171, 177 (Tex.App.--Houston [1st Dist.] 2002, pet. denied).

For these reasons, we grant Appellant's sole issue, and declare the "First Amended Order in Suit Affecting the Parent-Child Relationship Following Motion to Reconsider" signed on August 5, 2014 to be void, leaving intact the April 17, 2014 final order. The appeal is dismissed.

ANN CRAWFORD McCLURE, Chief Justice

April 22, 2016

Before McClure, C.J., Rodriguez, and Hughes, JJ.

6