**IN the INTEREST OF A.M.R., a Minor Child,**

**No. 08–16–00083–CV**

Court of Appeals of Texas, El Paso.

February 28, 2017

1. Gwen deposited the check sometime be-    tween October 4 and October 12, 2016.

Luis C. Labrado, El Paso, TX, for Appellant.

Carlos Quinonez, Quinonez & Salayandia Law Firm, PLLC, El Paso, TX, for Appellee.

Before McClure, C.J., Rodriguez, and Hughes, JJ.

## OPINION

YVONNE T. RODRIGUEZ, Justice

In this appeal, the issue is whether the trial court could issue a judgment nunc pro tunc and, if so, whether the trial court corrected a clerical or judicial error. The trial court granted a motion for judgment nunc pro tunc which removed the language that lifted the geographical restriction of the child if the non-custodial parent resides outside El Paso County, Texas. We affirm.

## BACKGROUND

Juan Rivas and Ashley S. Buntyn were appointed joint managing conservators of their child, A.M.R. Appellant, Buntyn, was designated as the conservator with the exclusive right to designate the primary residence of A.M.R. and could determine A.M.R.'s primary residence without regard to geographic location. Buntyn informed Rivas, Appellee, of her plans to relocate A.M.R. from El Paso County, Texas to Virginia. Rivas then filed a petition to modify the parent-child relationship. The petition requested that the trial court geographically restrict A.M.R.'s residence to El Paso County, Texas.

The final hearing on the modification was held on January 27, 2016. The trial court orally pronounced judgment to be:

> It is the policy of the State of Texas that children maintain a continuing contact with the parents and to allow that child to move to Virginia would destroy that contact. So the motion is granted. There will be a geographic restriction to El Paso County.

> Taking the kid to Virginia will not be the same as the child being in El Paso.

On March 2, 2016, the trial court entered a written, signed order which, in part, stated:

IT IS ORDERED that the primary residence of the child shall be El Paso County, Texas, and the parties shall not remove the child from El Paso County, Texas for the purpose of changing the primary residence of the child until modified by further order of the court of continuing jurisdiction or by written agreement signed by the parties and filed with this court.

IT IS FURTHER ORDERED that this geographic restriction on the residence of child shall be lifted if Juan Rivas does not reside in El Paso County, Texas.

On April 5, 2016, Rivas filed a motion for judgment nunc pro tunc requesting that the trial court remove certain language in the written order. The motion stated that the judgment was incorrect because:

> The order states that the geographical restriction on the residence of the child shall be lifted if Juan Rivas does not reside in El Paso County, Texas. Juan Rivas has always lived in Sunland Park, New Mexico, therefore the order should read that the geographical restriction on the resident of the child shall be lifted if Juan Rivas does not reside in El Paso County or contiguous [sic] counties.

On April 13, 2016, Buntyn filed an answer to the motion for nunc pro tunc. Her answer posited the trial court did not commit a clerical error and that the written judgment should not be changed. The trial court held a hearing on the motion for nunc pro tunc on April 22, 2016. The trial court orally granted the motion for nunc pro tunc, stating: "I'm going to order the Nunc Pro Tunc be granted. And the Nunc Pro Tunc is to delete the language that I did not order in the hearing. If I did not order that additional language, then it should not have been included in the order." In a written, signed order, the trial

court removed the conditional geographic restriction language.

Buntyn timely appealed and contests the judgment nunc pro tunc.

## DISCUSSION

Appellant's single-issue complaint on appeal is twofold. Appellant first argues that the trial court issued the nunc pro tunc after losing its plenary powers. Second, Appellant complains that in granting the judgment nunc pro tunc, the trial court corrected a judicial, rather than a clerical, error.

The Texas Rules of Civil Procedure provide that a trial court has plenary power for 30 days after the judgment is signed to grant a new trial or to vacate, modify, correct, or reform the judgment. *See* Tex. R.Civ.P. 329b(d).[1] After the trial court's plenary power expires, the trial court cannot set its judgment aside except by a bill of review for sufficient cause. *See* Tex. R.Civ.P. 329d(f).[2] Nevertheless, a trial court may always correct clerical errors by using a judgment nunc pro tunc. *See* Tex. R.Civ.P. 316; 329b(f).

■■■ A judgment nunc pro tunc allows a trial court to correct a clerical error, but not a judicial error, in the judgment after the court's plenary power has expired. *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986); *In re Heritage Operating, L.P.*, 468 S.W.3d 240, 247 (Tex.App.–El Paso 2015, no pet.); Tex.R.Civ.P. 316.[3] A clerical error is the type of error that does not result from judicial reasoning or determination, rather, from entering the final judgment. *Escobar*, 711 S.W.2d at 231; *Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex. 1986). Stated differently, a clerical error is a discrepancy between the judgment in the record and the judgment actually rendered. *Butler v. Cont'l Airlines, Inc.*, 31 S.W.3d 642, 647 (Tex.App.–Houston [1st Dist.] 2000, pet. denied)(citing *Universal Underwriters Ins. Co. v. Ferguson*, 471 S.W.2d 28, 29–30 (Tex. 1971). A judicial error is the type of error which does occur from rendering judgment, as result of a mistake or law or fact that requires judicial reasoning to correct. *Andrews*, 702 S.W.2d at 585; *Jenkins v. Jenkins*, 16 S.W.3d 473, 482 (Tex.App.–El Paso 2000, no pet.).

■■■ The party claiming clerical error must show, by clear and convincing evidence, that "the trial judge intended the requested result at the time the original judgment was entered." [Citations omitted]. *In re Heritage*, 468 S.W.3d at 247. "This high burden insures that trial judges can correct their clerical mistakes" and prevents using a judgment nunc pro tunc as "a vehicle to circumvent the general rules regarding the trial court's plenary power if the court changes its mind about its judgment." *Id.* Whether an error is clerical or judicial is a question of law.

---

1. Rule 329b(d) of the Texas Rules of Civil Procedure states: "The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed."

2. Rule 329b(f) of the Texas Rules of Civil Procedure provides, in relevant part: "On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law[.]"

3. Rule 316 of the Texas Rules of Civil Procedure states: "Clerical mistakes in the record of any judgment may be corrected by the judge in open court according to the truth or justice of the case after notice of the motion therefor has been given to the parties interested in such judgment ... and thereafter the execution shall conform to the judgment as amended."

*Escobar*, 711 S.W.2d at 232; *In re Heritage*, 468 S.W.3d at 247. When deciding whether an error in a judgment is clerical or judicial, the court must look to the judgment actually rendered and not the judgment that should have been rendered. *Escobar*, 711 S.W.2d at 232; *Jenkins*, 16 S.W.3d at 482. "Evidence may be in the form of oral testimony of witnesses, written documents, the court's docket, and the judge's personal recollection." *Pruet v. Coastal States Trading, Inc.*, 715 S.W.2d 702, 705 (Tex.App.–Houston [1st Dist.] 1986, no writ)(*citing Perry v. Perry*, 122 S.W.2d 726 (Tex.Civ.App.–El Paso 1938, no writ)); *see also Jenkins*, 16 S.W.3d at 482. If a trial judge corrects the judgment nunc pro tunc, a presumption arises that the trial judge's personal recollection supports the finding of clerical error. *Pruet*, 715 S.W.2d at 705.

██ Turning to the case at hand, clearly, the court's plenary powers do not govern the courts ability to use a judgment nunc pro tunc to correct clerical errors. A judgment is void, however, if the trial court corrects a *judicial* error after its plenary power has expired. *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex. 1973); *In re Heritage*, 468 S.W.3d at 247–48. Thus, the issue is whether the trial court corrected a clerical or judicial error with the granting of the judgment nunc pro tunc.

██ It is well settled that the rendition of a judgment occurs when the trial court's decision is officially announced either by a signed memorandum filed with the clerk of the court or orally in open court. *E.g. S & A Restaurant Corp. v Leal*, 892 S.W.2d 855, 857 (Tex. 1995); *Knox v. Long*, 152 Tex. 291, 296, 257 S.W.2d 289, 292 (1953). Here, neither party disputes,

and the record indeed shows, that the trial judge, in making his oral pronouncement from the bench at the January 27 hearing, granted Rivas's motion to include a geographic restriction that A.M.R. reside within El Paso County, Texas. The trial judge did not, in its oral rendition of the judgment, stipulate the restriction would only remain in place if Rivas remained in El Paso County, Texas.[4]

As evidenced by the trial court's statements on January 27, the March 4 written judgment did not reflect the court's rendition of judgment. We, therefore, find that the trial court properly corrected a clerical error in the judgment nunc pro tunc. *See Barton v. Gillespie*, 178 S.W.3d 121, 127 (Tex.App.–Houston [1st Dist.] 2005, no pet.)(Where a trial court properly corrected a divorce decree based on the trial court's statements); *see also* Tex.R.Civ.P. 316; 329b(f).

Appellant's sole issue is overruled.

### CONCLUSION

We affirm the judgment nunc pro tunc of the trial court.

Hughes, J., Not Participating

---

4. We note that the trial court was aware that Mr. Rivas lived in Sunland Park, New Mexico. Without the judgment nunc pro tunc (i.e. had the judgment with the conditional language remained in place), Mr. Rivas's purpose in filing the petition to geographically restrict A.M.R. to El Paso County would be futile.