

NUMBER 13-20-00019-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG

IN RE FRANK TORRES, M.D. AND SAN BENITO MEDICAL
ASSOCIATES, INC.

On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Perkes[1]**

Relators Frank Torres, M.D. and San Benito Medical Associates, Inc. filed a petition for writ of mandamus in the above cause on January 15, 2020. Through this original proceeding, relators seek to set aside an order granting a new trial. Because we conclude that the new trial order is facially invalid, we conditionally grant relief.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *see also id.* R. 47.4 (distinguishing opinions and memorandum opinions).

## I. BACKGROUND

This original proceeding arises from a health care liability claim filed against relators by plaintiff and real party in interest, Enrique Linan, individually and as heir of Laura Linan, deceased.[2] Enrique alleged in the lawsuit that relators' negligence in failing to diagnose and treat Laura's pulmonary embolism proximately caused her death on November 2, 2015. Enrique's claims were submitted to the jury on February 14, 2019. The jury unanimously found that relators were not negligent.

After the jury rendered its verdict but before the trial court signed a final judgment, Enrique filed a motion for new trial. Enrique argued, in relevant part, that there was factually insufficient evidence to support the jury's verdict, that the verdict was against the overwhelming weight of the evidence, and that the admission of irrelevant and unsupported scientific opinions tainted the evidence and resulted in an improper verdict. On March 8, 2019, relators filed a response to Enrique's motion for new trial.

The trial court held an initial hearing on the motion for new trial on March 11, 2019. The parties briefly discussed the sufficiency of the evidence supporting the verdict but recessed the hearing pending production of the trial transcript.

On May 5, 2019, Enrique filed a supplemental motion for new trial arguing that causation for Laura's death had been conclusively established and "[e]veryone agrees that had [Laura] been sent for follow up testing, within a reasonable degree of medical probability she would have survived." The supplemental motion for new trial again

---

[2] This original proceeding arises from trial court cause number 2017-DCL-01084 in the 103rd District Court of Cameron County, Texas. The cause was thereafter transferred to the 357th District Court, and the respondent in this original proceeding is the Honorable Juan A. Magallanes. *See id.* R. 52.2.

2

addressed the factual sufficiency of the evidence. On July 11, 2019, the relators filed a response to the supplemental motion for new trial.

The trial court held a second hearing on the motion for new trial on July 15, 2019, and subsequently the trial court signed a final "take nothing" judgment in accordance with the jury's verdict on July 16, 2019.[3] The trial court thereafter granted Enrique's motion for new trial on September 27, 2019. The order granting new trial states as follows:

> After two hearings on Plaintiff's Original and Supplemental Motions for New Trial, the Court having considered the same, along with the evidence and arguments of counsel, this Court finds that, pursuant to [Texas Rule of Civil Procedure 324(b)(2) and (3)], it is in the interests of justice to set aside the jury verdict and grant a new trial because there is factually insufficient evidence to support the jury's response to Question 1 that no party's negligence was a proximate cause of harm to Laura Linan. Further, the jury's finding on the same question is against the overwhelming weight of the evidence presented at trial.
>
> The overwhelming evidence presented at trial concerned who as between Dr. Torres and Mr. and Mrs. Linan was negligent in failing to obtain treatment for Mrs. Linan's pulmonary embolism. The evidence established that had Mrs. Linan received treatment for her pulmonary embolism, within a reasonable degree of medical probability, she would have survived. Therefore, it is the opinion of this court that there was insufficient evidence presented at trial to support the jury's finding that no party was negligent and proximately caused harm to Mrs. Linan.
>
> It is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for New Trial is GRANTED.

This original proceeding ensued. By three issues, relators assert: (1) the trial court's order does not state a legally appropriate reason for granting a new trial and does

---

[3] The motion for new trial was premature because it was filed before final judgment. Even though it was filed before the date of the final judgment, for the purposes of extending the appellate deadlines, it was deemed filed immediately following its entry. TEX. R. CIV. P. 306c (governing prematurely filed documents, including motions for new trial); *see Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011) (per curiam); *In re P.J.P.R.*, 508 S.W.3d 588, 590 (Tex. App.—El Paso 2016, no pet.).

not contain the required specific explanation of the reasons given for granting a new trial, and is thus facially invalid; (2) alternatively, if the order is facially valid, then the trial court abused its discretion because the reasons given by the trial court for granting the new trial are not supported by the record; and (3) relators lack an adequate remedy by appeal. This Court requested and received a response to the petition for writ of mandamus from Enrique and received a reply thereto from relators.

## II. MANDAMUS

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

A writ of mandamus will issue to correct a clear abuse of discretion committed by a trial court in granting a new trial. *In re Whataburger Rests., LP*, 429 S.W.3d 597, 598

4

(Tex. 2014) (orig. proceeding) (per curiam); *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 756–57 (Tex. 2013) (orig. proceeding); *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688–89 (Tex. 2012) (orig. proceeding).

### III. NEW TRIALS

Rule 320 of the Texas Rules of Civil Procedure gives the trial court broad discretion to grant a new trial "for good cause, on motion or on the court's own motion." TEX. R. CIV. P. 320. However, because the Texas Constitution guarantees the right to trial by jury, that authority is not unfettered. *See* TEX. CONST. art. I, § 15; *In re Bent*, 487 S.W.3d 170, 175 (Tex. 2016) (orig. proceeding); *In re Cambell*, 577 S.W.3d 293, 297 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding). Although trial courts have significant discretion in granting new trials, "such discretion should not, and does not, permit a trial judge to substitute his or her own views for that of the jury without a valid basis." *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 212 (Tex. 2009) (orig. proceeding); *see In re United Scaffolding, Inc.*, 377 S.W.3d at 688–89; *In re Pantalion*, 575 S.W.3d 382, 383 (Tex. App.—Beaumont 2019, orig. proceeding) (per curiam). Thus, a trial court's order granting a motion for new trial must provide a reasonably specific explanation of the court's reasons for setting aside a jury verdict. *In re Bent*, 487 S.W.3d at 173; *In re Columbia Med. Ctr.*, 290 S.W.3d at 213.

A trial court does not abuse its discretion so long as its stated reason for granting a new trial is: (1) a reason for which a new trial is legally appropriate, such as a well-defined legal standard or a defect that probably resulted in an improper verdict; and (2) specific enough to indicate that the trial court did not simply "parrot a pro forma template,"

5

but rather derived the articulated reasons from the particular facts and circumstances of the case at hand. *In re United Scaffolding, Inc.*, 377 S.W.3d at 688–89. A new trial order may be an abuse of discretion if, for example, it is based on a reason that is not legally valid, or "if the articulated reasons plainly state that the trial court merely substituted its own judgment for the jury's." *Id.* at 689. Further, an appellate court may conduct a merits-based mandamus review of a trial court's articulated reasons for granting a new trial. *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d at 758; *see In re Whataburger Rests., L.P.*, 429 S.W.3d at 59. If the articulated reasons are not supported by the law and the record, mandamus relief is appropriate. *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d at 761–62.

## IV. ANALYSIS

In their first issue, relators contend that the new trial order is facially invalid. They assert that the new trial order fails to meet the applicable legal requirements established by the Texas Supreme Court because the order does not state a legally valid reason for granting a new trial. The relators offer two reasons in support of this assertion. First, the relators argue that although the trial court apparently concluded the jury's answers finding that relators were not negligent were contrary to evidence establishing cause-in-fact, the trial court nevertheless failed to consider the evidence on the other necessary element of proximate cause—foreseeability. The relators contend that because the jury's failure to find that they were negligent could reasonably have been based on a failure to prove foreseeability, the fact that some evidence may have supported cause-in-fact does not undermine the jury's findings of no negligence. Second, relators contend that the trial

6

court's order does not explain how the evidence, or lack of evidence, undermines the jury's findings, considering the particular facts and circumstances of the case at hand. Relators argue that the new trial order failed to address the evidence that Laura's death was not reasonably foreseeable and failed to address other conflicting evidence regarding negligence and causation. Relators thus conclude that for either of these two reasons, the order is not facially valid and constitutes a clear abuse of discretion.

In addressing this issue, we first examine whether the trial court's stated reason for granting the new trial is a reason for which a new trial is legally appropriate, such as a well-defined legal standard or a defect that probably resulted in an improper verdict. *See In re United Scaffolding, Inc.*, 377 S.W.3d at 688–89. The new trial order states that "there is factually insufficient evidence to support the jury's response to Question 1 that no party's negligence was a proximate cause of harm to Laura Linan" and that "the jury's finding on the same question is against the overwhelming weight of the evidence presented at trial." The trial court granted a new trial on the basis that the jury's negative findings were against the great weight and preponderance of the evidence, which is a factual-sufficiency question. *In re Wagner*, 560 S.W.3d 309, 319 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding); *In re Baker*, 420 S.W.3d 397, 402 (Tex. App.—Texarkana 2014, orig. proceeding). Accordingly, we conclude that the trial court's stated reason for granting the new trial is a reason for which a new trial is legally appropriate. *See* TEX. R. CIV. P. 324(b)(2) (stating that a motion for new trial is a prerequisite to presenting a complaint on appeal regarding the factual insufficiency of the evidence to

support a jury finding); *In re United Scaffolding, Inc.*, 377 S.W.3d at 688–89; *In re Wagner*, 560 S.W.3d at 319.

Second, we examine whether the new trial order is specific enough to indicate that the trial court did not simply parrot a pro forma template, but rather derived the articulated reasons for granting a new trial from the particular facts and circumstances of the case at hand. *See In re United Scaffolding, Inc.*, 377 S.W.3d at 688–89. The trial court is not required to detail the evidence relevant to an issue under consideration in the manner required of a court of appeals that reverses a judgment for factual insufficiency. *Id*. at 687; *see Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986). However, in its new trial order, the trial court must point to the evidence that played a pivotal role in its decision to grant a new trial. *See In re Bent*, 487 S.W.3d at 176. "To be facially valid, a new-trial order based on a factual-sufficiency review 'must indicate that the trial judge considered the specific facts and circumstances of the case at hand and explain how the evidence (or lack of evidence) undermines the jury's findings.'" *Id.* (quoting *In re United Scaffolding, Inc.*, 377 S.W.3d at 689); *see also In re 3 Atoms, LLC*, No. 07-19-00243-CV, 2019 WL 3820407, at *2 (Tex. App.—Amarillo Aug. 14, 2019, orig. proceeding) (mem. op.). A new trial order must provide "an understandable, reasonably specific explanation" for the order. *In re Columbia Med. Ctr.*, 290 S.W.3d at 213. In reviewing the trial court's order, we focus "not on the length or detail of the reasons a trial court gives, but on how well those reasons serve the general purpose of assuring the parties that the jury's decision was set aside only after careful thought and for valid reasons." *In re United Scaffolding, Inc.*, 377 S.W.3d at 688.

Here, the trial court's order states that: the "overwhelming evidence presented at trial concerned who as between Dr. Torres and Mr. and Mrs. Linan was negligent in failing to obtain treatment for Mrs. Linan's pulmonary embolism," that the "evidence established that had Mrs. Linan received treatment for her pulmonary embolism, within a reasonable degree of medical probability, she would have survived" and that "there was insufficient evidence presented at trial to support the jury's finding that no party was negligent and proximately caused harm to Mrs. Linan." The order does not point to the evidence that played a pivotal role in the trial court's decision, and does not discuss any evidence, reference any specific facts, or explain how any evidence, facts, or testimony undermines the jury's findings, thus warranting a new trial. Therefore, we conclude that the September 27, 2019 order granting a new trial is facially invalid. *See In re Bent*, 487 S.W.3d at 176; *In re United Scaffolding, Inc.*, 377 S.W.3d at 688–89; *see also In re Nelsen*, No. 14-19-00600-CV, 2019 WL 4071982, at *2 (Tex. App.—Houston [14th Dist.] Aug. 29, 2019, orig. proceeding) (mem. op.) (per curiam) (conditionally granting mandamus relief based on the facial invalidity of the order granting a new trial); *In re Ramos*, No. 13-19-00039-CV, 2019 WL 1930111, at *3 (Tex. App.—Corpus Christi–Edinburg May 1, 2019, orig. proceeding) (mem. op.) (same); *In re Esters*, No. 12-17-00122-CV, 2017 WL 4675368, at *4 (Tex. App.—Tyler Oct. 18, 2017, orig. proceeding) (mem. op.) (same). In sum, the order fails to assure the parties that the decision to disregard the jury's verdict was made only after careful thought and for valid reasons. *See In re Bent*, 487 S.W.3d at 176; *In re United Scaffolding, Inc.*, 377 S.W.3d at 688. Accordingly, we sustain the relators' first issue.

Having sustained this issue, we need not address the relators' second issue pertaining to a merits-based review of the new trial order. *See* TEX. R. APP. P. 47.4; s*ee also In re Tex. Farm Bureau Mut. Ins. Co.*, No 01-19-00742-CV, 2020 WL 573249, at *4 (Tex. App.—Houston [1st Dist.] Feb. 6, 2020, orig. proceeding) (mem. op.) ("The remedy for a facially invalid order is a remand to the trial court, which then has the option to deny the motion for new trial or to sign an order that comports with Texas law."); *In re Simms*, No. 14-19-00541-CV, 2019 WL 3822171, at *2 (Tex. App.—Houston [14th Dist.] Aug. 15, 2019, orig. proceeding) (mem. op.) (conditionally granting mandamus relief based on the facial invalidity of the order granting a new trial); *In re Ramos*, 2019 WL 1930111, at *3 (same); *In re Sanchez*, No. 04-18-00530-CV, 2018 WL 4903038, at *2 (Tex. App.—San Antonio Oct. 10, 2018, orig. proceeding)(same).

In their third issue, relators contend that they lack an adequate remedy by appeal to address the trial court's error. We agree. The Texas Supreme Court has explained that "absent mandamus review," the parties "will seemingly have no appellate review" of orders granting new trials. *See In re Columbia Med. Ctr.*, 290 S.W.3d at 209. The supreme court reasoned that even if a party could obtain appellate review of a new trial order after a second trial, it could not obtain reversal of an unfavorable verdict unless it convinced the appellate court that granting the new trial constituted harmful error. *Id.* Moreover, even if an unfavorable verdict were to be reversed and rendered in the party's favor, that party "would have lost the benefit of a final judgment based on the first jury verdict without ever knowing why, and would have endured the time, trouble, and expense of the second trial."

10

*Id.* at 209–10. Thus, relators lack an adequate remedy by appeal. *See id*. We sustain relators' third issue.

## V. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, and the applicable law, is of the opinion that the relators have met their burden to obtain relief. Because the new trial order is facially invalid, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its new trial order and conduct further proceedings consistent with this opinion. The writ will issue only if the trial court fails to comply.

GREGORY T. PERKES
Justice

Delivered and filed the
2nd day of April, 2020.

11