COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| VIRGINIA CISNEROS, | § | No. 08-21-00048-CV |
| Appellant, | § | Appeal from the |
| v. | § | 388th District Court |
| AUGUSTIN PUENTES, JR., | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2019DCV1100) |
| | § | |

## **O P I N I O N**

Virginia Cisneros, Appellant, appeals from the trial court's order clarifying the Amended Final Decree of Divorce dissolving her marriage with Augustin Puentes, Jr., Appellee. Because the underlying judgment that formed the basis for the trial court's clarification order is void, we reverse the trial court's clarification order and remand for further proceedings consistent with this opinion.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Puentes and Cisneros married on May 18, 1991. Their marriage ended by Final Decree of Divorce dated October 6, 2005 (the 2005 Decree), following an August 1, 2005, hearing. The 2005 Decree includes a division of Puentes's military retirement benefits. The trial court also entered a military retirement Domestic Relations Order on October 7 (the DRO), which differs from the

2005 Decree in its definition of Puentes's disposable retired pay by rank and the share awarded to Cisneros.[1]

On November 8, 2005, after the trial court's plenary power expired, Cisneros filed a motion for judgment nunc pro tunc, alleging the omission of a $1,500 judgment in her favor. There is no record of supporting evidence having been submitted or an evidentiary hearing on the motion having taken place.

On February 23, 2006, the trial court entered an "Amended Final Decree of Divorce" (the Amended Decree).[2] No order granting the nunc pro tunc motion is in the record before us. The Amended Decree does not reference the nunc pro tunc motion, does not identify any corrected clerical errors, and is not made retroactively effective to the date of the 2005 Decree. In relevant part, the Amended Decree differs from the 2005 Decree in that it: (1) includes the $1,500 judgment for Cisneros described in the motion for nunc pro tunc, and (2) limits Cisneros's share of Puentes's military retirement benefits to a portion of that paid as a result of only Puentes's "past" military service.[3]

Thirteen years later, on March 27, 2019, Cisneros petitioned the trial court for enforcement of the 2005 Decree's division of Puentes's military retirement benefits. Cisneros's Petition for Enforcement expressly seeks "enforcement of the Final Decree of Divorce rendered in the cause on October 5, 2006," and makes no mention of the Amended Decree or the DRO.[4] In the

---

[1] Contrary to the 2005 Decree, the DRO defines the disposable retired pay due Cisneros as that due an E7 with fifteen years and nine months of creditable service, and it awards Cisneros fifty percent of the sum determined by the formula in the 2005 Decree.

[2] The Amended Decree is signed by the parties as to form only.

[3] The Amended Decree does not include the fifty percent language nor the reference to military rank found in the DRO.

[4] Cisneros's petition did not attach a copy of the 2005 Decree, the Amended Decree, or the DRO. It did not reference or even acknowledge the existence of the Amended Decree or the DRO. Because the DRO was attached to the trial court's Memorandum Opinion (discussed below), it is part of the appellate record. The 2005 Decree and the Amended

alternative to enforcement, the petition generally requests clarification of any provisions "that the Court finds are not specific enough to be enforced by contempt." In particular, Cisneros stated that she and Puentes "are unable to agree on the meaning" of the 2005 Decree's retirement formula. To the Petition for Enforcement, Puentes filed a general denial.

On January 21, 2021, the trial court held a hearing on the petition for enforcement and clarification. No one, including the trial court, mentioned or acknowledged on the record the existence of the Amended Decree. Aside from a few factual stipulations announced by the attorneys, no evidence was admitted at the hearing. [5] The trial court took the matter under advisement and on February 19, 2021, entered an order denying the enforcement and "clarifying" the Amended Decree (not the 2005 Decree), by changing the formula for calculating the division of Puentes's military retirement account.[6] The "clarified" formula differed from both the 2005 Decree and the Amended Decree, and from the stipulations at the enforcement hearing.[7] The trial court also contemporaneously issued a "Memorandum Opinion" in support of the order, detailing its reasoning in developing a new and different formula dividing Puentes's retirement benefits. The memorandum opinion referenced only the Amended Decree and the DRO and made no mention of the 2005 Decree.

Cisneros now appeals the trial court's order clarifying the Amended Decree.[8]

---

Decree were not part of the initial record on appeal. We requested a supplemental record to make the original and amended decrees a part of the record before us. *See* TEX. R. APP. P. 34.5(c)(1).

[5] The parties stipulated to the date of marriage, date of divorce, Puentes's date of retirement, his pay entry basic date, and his rank.

[6] The trial court's order purported to clarify the Amended Decree and made no mention of the 2005 Decree.

[7] After reviewing the entire record before us, we recognize that certain language awarding Cisneros a fractional interest in Puentes's retirement remains the same through all three documents. However, the 2005 Decree appears to give Cisneros an interest in *all* of Puentes's retirement, the DRO appears to give fifty percent of that amount to Cisneros (with reference to military rank), and the Amended Decree limits Cisneros's interest to a portion of the retirement Puentes had earned prior to the divorce.

[8] Appellant and Appellee agree in their briefing that the new "clarified" formula should be reversed by this Court.

## II.    STANDARD OF REVIEW AND APPLICABLE LAW

We review for an abuse of discretion a trial court's ruling on a post-divorce motion for clarification or enforcement. *Douglas v. Douglas*, 454 S.W.3d 591, 595 (Tex. App.—El Paso 2014, no pet.) (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam)). When a trial court acts arbitrarily or unreasonably without reference to any guiding rules or principles, it abuses its discretion. *Id.* (citing *Worford*, 801 S.W.2d at 109).

A trial court's plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment extends to thirty days after the judgment is signed. TEX. R. CIV. P. 329b(d); *see In re P.J.P.R.*, 508 S.W.3d 588, 590 (Tex. App.—El Paso 2016, no pet.). After its plenary power expires, a trial court may not set aside its judgment except by timely bill of review. TEX. R. CIV. P. 329b(f); *In re A.M.R.*, 528 S.W.3d 119, 122 (Tex. App.—El Paso 2017, no pet.). Once plenary power has expired, a trial court's jurisdiction to reform its judgment cannot be vested by party agreement or waiver. *See In re Vaishangi, Inc.*, 442 S.W.3d 256, 260–61 (Tex. 2014) (orig. proceeding) (per curiam); *see also In re Russell*, 556 S.W.3d 451, 454 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding); *In re S.A.H.*, 465 S.W.3d 662, 665 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

While a trial court cannot modify or set aside its judgment after its plenary power expires, it may at any time enter a nunc pro tunc judgment to "correct a clerical error in the record of a judgment." *In re Russell*, 556 S.W.3d at 455 (quoting TEX. R. CIV. P. 329b(f)). Only a clerical error, but not a judicial error, may be corrected through a judgment nunc pro tunc. *See In re A.M.R.*, 528 S.W.3d at 122. If a trial court corrects a judicial error after its plenary power has expired, the judgment is void. *Id.* at 123. To establish that the error sought to be corrected was, in fact, a clerical error, "it must be clearly shown that the written judgment signed by the trial judge and entered of record did not correctly reflect the judgment actually rendered by the court." *Wood v. Griffin & Brand of McAllen*, 671 S.W.2d 125, 128–29 (Tex. App.—Corpus Christi-Edinburg 1984, no writ);

*see Stonedale v. Stonedale*, 401 S.W.2d 725, 728 (Tex. App.—Corpus Christi-Edinburg 1966, no writ); *see also Kostura v. Kostura*, 469 S.W.2d 196, 199 (Tex. App.—Dallas 1971, writ ref'd n.r.e.). When the record is devoid of any evidence of a prior rendition of judgment, such as from the bench or in a letter, the original written judgment constitutes the rendition of judgment. *Wood*, 671 S.W.2d at 129 (citing *Dikeman v. Snell*, 490 S.W.2d 183, 185–86 (Tex. 1973)). In this situation, a nunc pro tunc judgment can only be granted when there is clear, satisfactory, and convincing evidence that a clerical error was made in the original written judgment. *Id.* "The nunc pro tunc judgment is invalid if it purports to change and readjudicate or rewrite and change the terms of the judgment as rendered[.]" *Id.* (citing *Mathes v. Kelton*, 569 S.W.2d 876, 878 (Tex. 1978)).

A trial court may also after expiration of its plenary jurisdiction clarify or enforce a divorce decree's property division. *See DeGroot v. DeGroot*, 260 S.W.3d 658, 662 (Tex. App.—Dallas 2008, no pet.) (citing TEX. FAM. CODE ANN. §§ 9.002, 9.008). A party may request the court to clarify an order that is not specific enough to be enforceable by contempt. *O'Donnell v. Vargo*, No. 05-16-01058-CV, 2017 WL 4216248, at * 2 (Tex. App.—Dallas Sept. 22, 2017, pet. denied) (mem. op.). While the court has the power to clarify and enforce, it has no authority to alter or modify the original division of marital property even if the decree is ambiguous. *Id.* "A court may not amend, modify, alter, or change the division of property made or approved in the divorce decree. An order that amends, modifies, alters, or changes the divorce decree's property division is beyond the power of the court." *DeGroot*, 260 S.W.3d at 663 (citing TEX. FAM. CODE ANN. §§ 9.007(a)–(b), *Shanks v. Treadway*, 110 S.W.3d 444, 449 (Tex. 2003), and *Gainous v. Gainous*, 219 S.W.3d 97, 106–07 (Tex. App.—Houston [1st Dist.] 2006, pet. denied)).

An appellate court may, once an appeal is taken, void any orders signed by the trial court outside of its plenary power. *See In re P.J.P.R.*, 508 S.W.3d at 591 (citing *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995)).

### III.    DISCUSSION

The trial court clarification order under review arose from Cisneros's petition to enforce or clarify the 2005 Decree. At the time Cisneros filed her petition, however, the 2005 Decree—having been supplanted by the Amended Decree—was not the final judgment. Cisneros's petition did not mention the Amended Decree at all. The first reference in the record to the Amended Decree related to the enforcement petition was in the trial court's clarifying order and supporting memorandum. Although the parties only requested enforcement of the 2005 Decree, the trial court stated in its clarifying order and supporting memorandum that it was instead clarifying the Amended Decree.[9]

Even assuming without finding that the trial court had jurisdiction at that time to clarify the Amended Decree, such clarification could only be valid if the underlying judgment was itself valid. Here, an examination of the supplemental record calls the validity of the Amended Decree into question.

The trial court entered the Amended Decree after its plenary power expired. Any amended judgment entered after expiration of plenary power is void. *In re A.M.R.*, 528 S.W.3d at 123. Because the plenary power had expired, the trial court lacked jurisdiction or authority to modify, correct, or reform the judgment—even by agreement of the parties—except to correct a clerical error through the proper application of the nunc pro tunc process. And because the Amended

---

[9] Because we find the Amended Decree to be void as explained below, we need not examine whether the trial court also lacked jurisdiction to sua sponte clarify the decree outside of its plenary power.

Decree modified the division of retirement benefits as described above, we must determine whether the Amended Decree constitutes a valid judgment nunc pro tunc.

The only clerical error alleged in Cisneros's motion for judgment nunc pro tunc was the 2005 Decree's omission of a $1500 money-judgment in favor of Cisneros. The record before us contains no evidence attached to the motion or submitted at any hearing. Nevertheless, the trial court several months later entered the Amended Decree which included the $1,500 judgment referenced in the motion. In addition, however, the Amended Decree also subtly but significantly altered the division of Puentes's retirement benefits—a change not requested by either party.[10] Specifically, the Amended Decree changed the share of retirement benefits awarded to Cisneros by limiting it to a share of Puentes's "past" service in the military—a limitation not contained within the 2005 Decree.

This change to the division of the marital estate is not supported by the pleadings, in that the motion for entry of judgment nunc pro tunc did not request a correction to the division of Puentes's retirement benefits. The change is also not supported by the record, in that the record is devoid of evidence of a prior rendition of judgment, and thus there is no evidence of a clerical error in the 2005 Decree with respect to the division of retirement. There is nothing in the record from which we can determine the trial court's original rendition of judgment was anything other than what is reflected in the 2005 Decree.[11]

---

[10] The entirety of the relevant differences between the decrees is that Paragraph H-5 of the Amended Decree omits the words "present or future" contained in the 2005 Decree, and Paragraph W-5 of the Amended Decree includes the word "past," which the 2005 Decree did not. We cannot determine that the trial court even realized these subtle changes had been made to the fifty-two page Amended Decree.

[11] Moreover, although no evidence of an agreement exists in the record, we note that the parties could not by agreement or waiver confer subject matter jurisdiction on the trial court to amend the prior judgment outside of the plenary period or correct a judicial error through the nunc pro tunc process. *See Wood*, 671 S.W.2d at 132 (citing *Burke v. Satterfield*, 525 S.W.2d 950, 953 (Tex. 1975)).

We conclude that the Amended Decree was not supported by any evidence that a clerical error existed with respect to the division of Puentes's retirement, and judgment nunc pro tunc could not have been validly granted, rendering the Amended Decree void.[12] *See Wood*, 671 S.W.2d at 132. Therefore, the trial court's order clarifying the void judgment is also void. *See DeGroot*, 260 S.W.3d at 666.

## IV. CONCLUSION

Having determined that the Amended Final Decree of Divorce which was entered outside of the trial court's plenary period changed the division of the Puentes's military retirement, and that the record does not support its entry as a judgment nunc pro tunc, we hold that the Amended Decree is void. We accordingly vacate the Amended Decree and reinstate the prior Final Decree of Divorce. We further hold that the trial court's order clarifying the void Amended Decree is also void. We reverse the trial court's order clarifying the Amended Decree and remand the matter for further proceedings consistent with this opinion.

ROY B. FERGUSON, Judge

December 28, 2022

Before Rodriguez, C.J., Alley, J, and Ferguson, Judge
Ferguson, Judge, sitting by assignment

---

[12] It bears mentioning that even were the trial court's clarifying order based on the 2005 Decree (as actually requested by Cisneros in her petition to enforce or clarify) rather than the void Amended Decree, the clarifying order would still be void because the new division of Puentes's retirement benefits in the clarification order differs from the 2005 Decree as well. In either circumstance, the trial court's order exceeded its limited, post-judgment jurisdiction by impermissibly changing the division of Puentes's retirement benefits.