

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| GEORGE NOLAN HINES, | § | No. 08-23-00328-CR |
| Appellant, | § | Appeal from the |
| v. | § | 198th Judicial District Court |
| THE STATE OF TEXAS, | § | of Kerr County, Texas |
| Appellee. | § | (TC# No. B21-233) |

**<u>MEMORANDUM OPINION</u>**

A jury found Appellant George Nolan Hines guilty of continuous sexual abuse of a young child. At the beginning of the punishment phase, his counsel moved for a continuance to prepare a defense for punishment. The court denied the continuance and assessed a punishment of life in prison without the possibility of parole. On appeal, Hines complains that the court abused its discretion in denying the motion for continuance because the denial effectively deprived him of his Sixth Amendment right to effective assistance of counsel. Hines also complains that the court improperly assessed attorney's fees against him. For the following reasons, we affirm.

## I. Factual and Procedural Background

George Hines was convicted by a jury of continuous sexual abuse of a young child after a three-day bifurcated trial. Immediately after Hines's conviction, the court released the jury and

commenced the punishment phase, at which point Hines's counsel orally requested a motion for continuance. He explained that he needed more time to secure a mitigation expert and prepare a defense. The court confirmed that Hines's counsel knew when the trial was slated to begin and then denied the motion for continuance, later explaining that the trial had been set multiple times over many months and that Hines was vigorously defended throughout the case.

During the punishment phase, the State presented one witness: an investigator who identified Hines as the same defendant in a 31-year-old judgment for a violation of his probation for a prior conviction of forgery. Hines's counsel presented no witnesses and no mitigating evidence, attributing this failure to inadequate time to prepare. He did, however, note that the only evidence presented was the 31-year-old conviction and urged the court to consider that Hines had not been in trouble since then.

The court orally pronounced the punishment of life in prison without the possibility of parole. In its written order, the court assessed a fine of $15,240 for reimbursement of attorney's fees. In a subsequent judgment nunc pro tunc, the court removed the $15,240 fine.

## II.  MOTION FOR CONTINUANCE

In his first issue, Hines argues the court abused its discretion in failing to grant his motion for continuance during the punishment phase of trial. By denying the motion, Hines contends he was left defenseless during a critical phase of his trial, thereby violating his Sixth Amendment right to effective assistance of counsel. He posits that had he had more time to prepare a defense, he would have provided the court with mitigating evidence to aid the court in deciding a more appropriate sentence.

**A. Standard of review and applicable law**

We review the denial of a motion for continuance under an abuse-of-discretion standard. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007); *accord Cruz v. State*, 565 S.W.3d 379, 381 (Tex. App.—San Antonio 2018, no pet.). Under this standard, we will not disturb the trial court's ruling so long as its decision is within the zone of reasonable disagreement. *Cruz*, 565 S.W.3d at 381. To find that a trial court abused its discretion in denying a motion for continuance, the defendant must show specific prejudice to his case by the court's decision. *Heiselbetz v. State*, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995) (en banc). A bare assertion that counsel did not have adequate time to prepare will not establish prejudice. *Id.* at 512.

**B. Preservation of error**

The Code of Criminal Procedure sets out requirements for motions for continuance. Article 29.03 provides for the continuation of a criminal action upon the "written motion of the State or of the defendant, [for] sufficient cause shown[,] which cause shall be fully set forth in the motion." Tex. Code Crim. Proc. Ann. art. 29.03. Additionally, Article 29.08 requires that "[a]ll motions for continuance . . . be sworn to by a person having personal knowledge of the facts relied on for the continuance." *Id.* art. 29.08. The Court of Criminal Appeals has construed these provisions to mean that absent a sworn, written motion, a party fails to preserve error for appeal. *Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012).

Hines argues the trial court's denial of his motion for continuance was an abuse of discretion because it deprived him of effective assistance of counsel. In response, the State argues that Hines never filed a sworn, written motion for continuance, and therefore he cannot complain about the judge's ruling on appeal. The record before us contains no sworn, written motion for the continuance. Accordingly, we agree Hines failed to preserve this issue for our review.

**C. Sixth Amendment challenge**

Even assuming the issue was preserved, Hines did not show prejudicial harm. Normally, courts do not hesitate to find an abuse of discretion where the denial of a motion for continuance results in representation by inadequately prepared counsel. *Heiselbetz v. State*, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995) (en banc). Still, the standard requires a showing of specific prejudice to the defense. *Id.* at 512. While Hines argues the harm was the denial of his constitutional right to effective assistance of counsel, he fails to meet the *Strickland* test.

To establish a Sixth Amendment violation of one's right to effective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Rosales v. State*, 841 S.W.2d 368, 376 (Tex. Crim. App. 1992) (en banc) (measuring a claim of ineffective assistance of counsel allegedly caused by the court's denial of a continuance against both prongs of the *Strickland* test). We presume that counsel's conduct fell within the "wide range of reasonable professional assistance." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The second prong of the analysis is a but-for causation test: "appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

In evaluating claims of ineffective assistance of counsel, appellate courts look to the totality of the representation and the circumstances of each case. *Id.* at 813. If counsel's deficient performance pertains to punishment, "prejudice would depend on a reasonable probability that the sentencer would have assessed a more lenient punishment absent the errors." *Swinney v. State*, 663 S.W.3d 87, 90 (Tex. Crim. App. 2022). In any case, allegations of ineffectiveness "must be firmly

founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 813.

Hines argues he was harmed by the court's denial of his oral motion for continuance because he was left defenseless during the punishment phase of his trial. Hines believes that had he been given more time to prepare, the judge would have had "more information to consider in determining [the] appropriate sentence based on [Hines's] life, not just the offense." But Hines failed to show what mitigation evidence he would have presented to the trial court that would have, within reasonable probability, changed the outcome of his sentence. *See Montez v. State*, No. 04-20-00033-CR, 2021 WL 4443722, at *2 (Tex. App.—San Antonio Sept. 29, 2021, pet. ref'd) (mem. op., not designated for publication) ("[A] claim of ineffective assistance based on trial counsel's failure to sufficiently investigate cannot succeed 'absent a showing of what the investigation would have revealed that reasonably could have changed the result of the case.'"); *Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010) (stating the rule that failure to call a witness does not demonstrate ineffective assistance without showing that the witness was available to testify and their testimony would have benefitted the defendant). Hines cannot show prejudicial harm without showing how the evidence he would have presented would have benefited him— and the record is not developed as to the evidence he would have presented.

Hines's bare assertion that his counsel did not have adequate time to prepare does not demonstrate an abuse of discretion. *See Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007). We overrule Appellant's first issue on appeal.

### III. ATTORNEY'S FEES

In his second issue, Hines contends the court erroneously assessed attorney's fees against him in the amount of $15,240, despite his indigence and contrary to Code Criminal Procedure

article 26.05(g) and relevant case law. *See Ramirez v. State*, 432 S.W.3d 373, 377 (Tex. App.—San Antonio 2014, pet. ref'd) ("[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." (quoting *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013))). After Hines filed his brief, this Court received a supplemental record showing that the trial court entered a judgment nunc pro tunc, which removed the $15,240 fine.

The State concedes that Hines should not have been assessed attorney's fees and argues the inclusion of the fine in the judgment was a clerical error, properly corrected through the judgment nunc pro tunc, as evinced by (1) the court's failure to mention a fine in its oral pronouncement of the sentence at the conclusion of trial, (2) the court's appointment of a regional public defender to represent Hines on appeal, and (3) the court's order granting Hines's motion to receive a free copy of the reporter's record for his appeal. The State argues this point of error is now moot. However, it agrees that should we find the error was judicial in nature, rather than clerical, the original judgment should be modified to remove the assessment of attorney's fees.

To determine whether the issue is moot, we consider the validity of the judgment nunc pro tunc. *See Flowers v. Flowers*, 407 S.W.3d 452, 457 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002) (en banc) ("An appellee's concession of a legal issue involved in an appeal does not relieve this court of its obligation to independently determine whether the appellee's concession is based on sound analysis.")). Judgments nunc pro tunc may be used to correct clerical errors but not judicial errors. *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007); *accord Interest of A.M.R.*, 528 S.W.3d 119, 122 (Tex. App.—El Paso 2017, no pet.). Clerical errors are those that do not result from judicial reasoning or judgment. *Interest of A.M.R.*, 528 S.W.3d at 122. By contrast, a judicial

error is one that results from a mistake in law or fact, and thus requires judicial reasoning to correct. *Id.*

Whether an error is clerical or judicial in nature is question of law. *Id.* The party claiming the judgment actually rendered contains a clerical error has the burden to show, by clear and convincing evidence, that "the trial judge intended the requested result at the time the original judgment was entered." *Id.*

Here, the trial court first entered judgment orally in open court at the conclusion of Hines's trial. The court sentenced Hines to life in prison without parole but did not mention a fine of $15,240 for the reimbursement of attorney's fees. Additionally, the court granted Hines's application for the appointment of counsel on account of his indigence at the beginning of the case, indicating the court was aware of Hines's inability to pay the fee. As such, we find that the judgment nunc pro tunc was used to correct a clerical error rather than a judicial error. *See In Interest of A.M.R.*, 528 at 123 (finding that judgment nunc pro tunc was used to correct clerical error where the court's oral pronouncement of the judgment failed to mention the provision at issue in the written judgment); *but cf. Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007) (finding there was no clerical error where the written judgment perfectly matched the judgment pronounced in court).

Because we find the judgment nunc pro tunc is valid and removes the fee Hines complains of on appeal, Hines's second issue on appeal is moot. *See Jack v. State*, 149 S.W.3d 119, 123 n.10 (Tex. Crim. App. 2004) ("A case becomes moot on appeal when the judgment of the appellate court can no longer have an effect on an existing controversy or cannot affect the rights of the parties."); *Lee v. State*, 425 S.W.2d 698, 699 (Tex. App.—San Antonio 1968, no writ) (recognizing that appellate courts may not decide moot controversies.).

## IV.  CONCLUSION

We affirm the judgment of the trial court.


LISA J. SOTO

July 29, 2024

Before Alley, C.J., Palafox, and Soto, JJ.

(Do Not Publish)