In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00031-CV**
_____

**IN RE ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY**

**Original Proceeding**
**County Court at Law No. 1 of Jefferson County, Texas**
**Trial Cause No. 129984**

**MEMORANDUM OPINION**

Allstate Property and Casualty Insurance Company seeks mandamus relief from an order granting a new trial to the plaintiff, Don Depew, in a suit seeking to recover underinsured motorist insurance benefits. The trial court found the jury's failure to find damages for future physical pain and suffering, future mental anguish and future physical impairment was against the great weight and preponderance of the evidence in light of uncontroverted testimony from the plaintiff and two members of his family and in light of the jury's awards of damages for past physical pain and suffering, mental anguish, disfigurement, physical impairment, medical

care expenses and loss of earning capacity. Allstate contends: (1) the trial court clearly abused its discretion by granting a new trial because the trial court's stated reason that the verdict is contrary to the great weight and preponderance of the evidence is not supported by the record; and (2) it lacks an adequate remedy by appeal because it will lose substantial rights by being required to re-try the case. Depew argues: (1) we should deny Allstate's mandamus petition because Allstate failed to diligently pursue its complaint; (2) the order granting a new trial stated sufficient facts to grant a new trial; and (3) Allstate failed to show an abuse of discretion by the trial court. We conditionally grant the petition for a writ of mandamus.

**Waiver**

Depew contends that Allstate slumbered on its rights by waiting seven months before filing a mandamus petition and by announcing ready for trial at the pre-trial conference. The trial court granted Depew's motion for new trial on June 12, 2019. Allstate claims it first communicated with the court reporter about preparing a record of the motion for new trial hearing the following month, paid for the record of the trial in September, requested a continuance of the trial in January because the court reporter had not yet delivered the record, and filed its mandamus petition shortly after receiving the record and before the case was re-tried.

2

The Texas Rules of Appellate Procedure place no time limit on filing a petition for a writ of mandamus, but we may deny a mandamus petition under the equitable doctrine of laches if the relator fails to diligently pursue mandamus relief. *See Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). Generally, establishing laches requires showing an unreasonable delay and a good faith and detrimental change in position because of the delay. *In re Laibe Corp.*, 307 S.W.3d 314, 318 (Tex. 2010) (orig. proceeding). An appellate court may deny a mandamus petition if the relator fails to provide a reasonable explanation for a delay in filing a petition for a writ of mandamus. *See In re Fetterman*, No. 05-18-00327-CV, 2018 WL 1531457, at *1 (Tex. App.—Dallas Mar. 19, 2018, orig. proceeding) (mem. op.); *In re Timberlake*, 501 S.W.3d 105, 108 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding).

In this case, Allstate provided a reasonable explanation for its delay in seeking mandamus relief. Filing a mandamus petition the day before the re-trial was scheduled to commence inconvenienced Depew and the trial court, but Depew has not shown that the delay resulted in a detrimental change in his position. The circumstances present here do not compel us to apply the doctrine of laches to deny mandamus relief, and we decline to do so.

3

## Mandamus Review of New Trial Order

In an order granting a new trial, the trial court must provide an understandable, reasonably specific explanation for setting aside the jury's verdict that identifies a reason that is legally appropriate and is specific enough to indicate the trial court derived the articulated reasons from the particular facts and circumstances of the case at hand. *In re Bent*, 487 S.W.3d 170, 172–73 (Tex. 2016) (orig. proceeding). If the order is facially valid, we may conduct a merits review of the bases for the new trial order and grant mandamus relief if the record does not support the trial court's rationale for ordering a new trial. *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 749 (Tex. 2013) (orig. proceeding).

"When the trial court grants a new trial because the jury's finding was against the great weight and preponderance of the evidence, we review the entire trial record to determine, using a factual sufficiency standard, whether the record supports the trial court's reasoning." *In re Pantalion*, 575 S.W.3d 382, 383 (Tex. App.—Beaumont 2019, orig. proceeding). In a factual-sufficiency review, we examine the entire record, considering both the evidence in favor of, and contrary to, the challenged finding. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998). Challenging the jury's failure to find in its favor on a motion for new trial on claims on which that party bore the burden of proof requires the party moving

4

for the new trial to demonstrate the jury's adverse finding is against the great weight and preponderance of the evidence. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

The order granting the motion for new trial states:

> The jury's award of zero damages for future pain and suffering, future mental anguish, and future physical impairment is against the great weight and preponderance of the evidence. The great weight and preponderance of the evidence supports a finding that the Plaintiff will suffer these damages in the future. Plaintiff presented three witnesses, including himself, to testify regarding his daily struggle with knee pain for more than four years since the accident and continuing at trial. All three witnesses testified regarding the continuing pain, physical impairment, and mental anguish that Plaintiff has had daily since the accident. The uncontroverted testimony described Plaintiff's daily knee pain and swelling of the knee. All three witnesses further testified that the Plaintiff continues to manage the knee condition in lieu of the risks of knee replacement surgery. These witnesses further testified that the Plaintiff has physical limitations which affect his ability to play with his grandchildren, ride his motorcycle, perform his usual household duties, and stand for long periods of time. The witnesses also testified to Plaintiff's mental anguish, describing his mental difficulties in coping with his limitations and the fear of not being able to remain employed. The witnesses testified that his condition had not resolved and was continuing at the time of trial. The testimony offered by these three witnesses was uncontroverted at trial. Plaintiff's medical records entered into evidence state that a total knee replacement was being considered and in no way indicate that Plaintiff's knee ever fully recovered from the accident. It is inconsistent to award damages for past mental anguish, pain and suffering, and physical impairment, as the jury did, but not future mental anguish, pain and suffering, and physical impairment when the same circumstances that produced the past mental anguish, pain and suffering, and physical impairment are likely to recur. The Plaintiff limped out of the Courtroom after the verdict.

5

The order provides sufficient information for this Court to determine why the trial court granted a new trial; therefore, we consider whether the record supports the trial court's rationale. *See Toyota Motor Sales*, 407 S.W.3d at 749.

The trial court's discretion to grant a new trial does not permit the trial court to substitute its views for that of the jury without a valid basis. *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 212 (Tex. 2009) (orig. proceeding). The jury serves as the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). In granting a new trial, the trial court cannot substitute its judgment for that of the jury. *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688 (Tex. 2012) (orig. proceeding).

Depew, his wife, and his granddaughter testified in the trial. Depew stated that he is 67 years old. The accident occurred in August 2014, approximately four-and-one-half years before the date of the trial. He was in the hospital for three or four hours after the accident, and the discharge instructions state Depew had minor injuries from a motor vehicle accident. In September 2014, Depew had arthroscopic surgery on his left knee to repair a torn meniscus. The surgery gave him some relief, but his pain did not completely go away. He received post-surgery physical therapy through January 2015. Six weeks after the accident, Depew had progressed to riding

6

a stationary bicycle for twenty minutes. Towards the end of his physical therapy, he reported that his pain level was probably one out of ten with one being the least amount of pain. In November 2014, Depew's doctor released him to return to work. Depew testified his pain has worsened after he completed physical therapy. After undergoing arthroscopic surgery, Depew's orthopedic surgeon told him he would eventually need a knee replacement, but Depew has not chosen to have the surgery because he fears possible complications. Depew last received medical treatment to his left knee in December 2015.

Depew works as a semi-truck driver, making one or two round trips daily between Beaumont and Houston. Depew testified he is able to do his job and has no plans to retire, but stated he has difficulty walking due to problems with his knee by the end of his shift. Depew wears a knee brace every day and takes a non-prescription analgesic twice daily for pain. His knee swells to double or triple its normal size. He sleeps three-and-one-half to four hours a night, and he props up his knee when he sleeps.

Depew's wife, Patricia, testified they do not engage in much physical activity anymore because Depew is "in pain a lot." According to Patricia, "He limps without kind of limping." She confirmed that he sleeps sitting up. And she testified Depew wears a knee brace every day but his leg swells over the course of the day, often to

the point where his knee becomes the size of a grapefruit. She explained that her husband has never sought to be treated by a mental health professional for any injury arising out of the accident.

Jennifer Menges, the Depews' adult granddaughter who lives with the Depews, testified that Depew regularly shuffles and groans after returning from work at the end of the day. She noticed he complains more since the accident. She stated Depew's knee is swollen badly when he returns from work.

The parties stipulated to Depew's past medical expenses and past lost wages, and Depew's medical records showed improvement and lessening pain after his arthroscopic surgery. He sought no medical treatment in the three years preceding the trial. The only evidence that Depew's conditioned worsened after medical treatment ceased or that he still experienced pain, mental anguish, and physical impairment came from Depew, his wife, and his granddaughter.

The trial court's rationale for finding the jury's failure to find future damages was against the great weight and preponderance of the evidence shows the trial court : (1) credited evidence that Depew still experiences daily knee pain and swelling; (2) credited evidence that he manages his pain with over-the-counter analgesics in lieu of risky knee replacement surgery; (3) credited the testimony that Depew's physical limitations affect his ability to perform household and leisure activities; (4) credited

8

the witness descriptions that Depew had difficulty coping with his limitations and his fear of not being able to remain employed; (5) did not rely on the lack of medical records or testimony rejecting the jury's conclusion Depew had fully recovered from the injury that resulted from the collision covered by his policy; and (6) relied on the fact the jury awarded sums for past damages, which in the trial court's view is inconsistent with the jury's failure to award Depew any future damages.

In analyzing the evidence, the trial court usurped the jury's right to weigh the evidence and decide what testimony was credible. For instance, the trial court failed to account for evidence the jury could rationally reject and other evidence the jury could rationally credit in weighing the credibility of the witnesses. The trial court refers to what it considered uncontroverted testimony that, at the time of the trial, Depew was still experiencing pain and impairment and that he had not fully recovered, but that evidence consisted of testimony from interested witnesses without any supporting objective and current medical evidence or the opinion of a physician. The trial court did not explain why the jury could not consider the fact that it had been several years since Depew had received any medical treatment or physical therapy for his knee injury or explain why the jury could not have decided it could reject the unsupported testimony of the interested witnesses in deciding whether Depew had failed to meet his burden of proving his damages, which is

9

evidence the jury could reasonably rely on to explain how the jury might have reasonably reached its verdict. Simply put, the jury could have believed that Depew failed to prove he would suffer damages in the future from the collision with the underinsured motorist who injured his knee.

We conclude there is factually sufficient evidence to support the jury's verdict. The record does not support the trial court's stated reasons for granting Depew's motion for new trial. For these reasons, we conditionally grant Allstate's request for mandamus relief. We are confident the trial court will vacate the order granting the motion for new trial. A writ of mandamus will issue only in the event the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on February 7, 2020
Opinion Delivered April 16, 2020

Before Kreger, Horton and Johnson, JJ.

10