In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-20-00255-CV**
**IN RE JAMES THIBODEAUX**

**Original Proceeding**
**128th District Court of Orange County, Texas**
**Trial Cause No. A180121-C**

## MEMORANDUM OPINION

In a mandamus proceeding, James Thibodeaux seeks to compel the trial court to vacate its April 1, 2020 order granting a new trial to the plaintiffs in the underlying automobile-collision case filed by real parties in interest Maria Teresa Soria and Socorro Cisneros. In April 2019, a jury failed to find Thibodeaux's negligence proximately caused the accident. The trial court granted a motion for new trial. Before the retrial took place, this Court conditionally granted mandamus relief and directed the trial court to vacate the facially invalid order granting a motion for new trial. *See In re Thibodeaux*, No. 09-20-00008-CV, 2020 WL 1465985, at *2–3 (Tex.

1

App.—Beaumont Mar. 26, 2020, orig. proceeding) (mem. op.). On April 1, 2020, the trial court signed an amended order granting a motion for new trial on two grounds. As articulated in the order, the trial court conducted a factual-sufficiency review and ruled that the jury's finding that Thibodeaux did not commit negligence is against the great weight and preponderance of the evidence. The trial court also found jury misconduct occurred, it was material, and probably resulted in an improper verdict in that there is some indication in the record that the misconduct likely caused jurors to vote differently than they would have otherwise voted on one or more issues vital to the judgment. Thibodeaux seeks mandamus relief again, this time arguing that the trial court's articulated reasons for granting the motion for a new trial are not supported by the record.

In a mandamus proceeding, we review an order granting new trial for abuse of discretion. *In re Bent*, 487 S.W.3d 170, 177–78 (Tex. 2016) (orig. proceeding). Although trial courts have significant discretion in granting new trials, "such discretion should not, and does not, permit a trial judge to substitute his or her own views for that of the jury without a valid basis." *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 212 (Tex. 2009) (orig. proceeding). "If the record does not support the trial court's rationale for ordering a new trial, the appellate court may grant mandamus relief." *In re Toyota Motor Sales U.S.A, Inc.*, 407 S.W.3d 746, 756–59 (Tex. 2013) (orig. proceeding).

"When the trial court grants a new trial because the jury's finding was against the great weight and preponderance of the evidence, we review the entire trial record to determine, using a factual sufficiency standard, whether the record supports the trial court's reasoning." *In re Pantalion*, 575 S.W.3d 382, 383 (Tex. App.—Beaumont 2019, orig. proceeding) (citing *In re E.I. duPont de Nemours and Co.*, 463 S.W.3d 80, 85 (Tex. App.—Beaumont 2015, orig. proceeding (per curiam)). "The amount of evidence necessary to support the jury's verdict is far less than that necessary to warrant disregarding the jury's verdict." *In re Zimmer, Inc.*, 451 S.W.3d 893, 906 (Tex. App.—Dallas 2014, orig. proceeding). "Evidence is factually sufficient to support the jury's verdict if the evidence is such that reasonable minds could differ on the meaning of the evidence or the inferences and conclusions to be drawn therefrom." *Id*.

At trial, the jury heard testimony from the defendant, Thibodeaux, the plaintiffs, Cisneros and Soria, an investigating officer, Jaclyn Patronella, and an eyewitness, Eritrea Brooks.

Thibodeaux testified that he had a stop sign at the intersection and the cross-traffic and Cisneros did not. Thibodeaux intended to proceed straight through the intersection. According to Thibodeaux, he had a clear view of the intersecting street to his left but an obstructed view to his right. He looked to see if anyone was coming but could not see. He eased past the stop sign to see if anyone was coming.

3

Thibodeaux admitted that in his deposition he stated that he did not check again and he proceeded forward after it looked clear. In his deposition testimony he also stated that he eased into the intersection after he looked both ways. At trial, Thibodeaux stated that he eased past the stop sign to see past the obstructed view, looked both ways, then proceeded without looking again. Before he reached the center of the intersection, the plaintiffs' vehicle struck his vehicle from his right while his vehicle was in motion and both vehicles ended up in the ditch in the far left corner of the intersection. In his deposition he agreed that he was supposed to yield the right-of-way but he qualified his answer, adding that he felt as if he did yield the right-of-way because he felt as if it was safe at the time he decided to proceed forward. He felt he proceeded as cautiously as he could. Thibodeaux stated that he accepted responsibility in participating in the accident and that he would accept half the responsibility.

Thibodeaux explained that there was almost a car length past the stop sign and mid-way through the near lane of the intersecting street before a driver had a clear view to his right. He eased past the stop sign almost to the street. He never saw the plaintiffs' vehicle before the impact. He could not say that he looked in their direction again after he decided to proceed straight across the intersection. Thibodeaux agreed that the accident would not have happened if he had stopped midway through the near lane of the intersecting street and looked, but he did not

4

see the moving vehicle. The impact damaged the right front quarter panel of his vehicle but not the front of the vehicle.

Thibodeaux denied that a police officer asked him about how the accident occurred from his point of view. He told the jury that he looked "left and right, right and left[,]" and ensured that no one was approaching over the railroad track to his left before easing out into the road past the stop sign.

Officer Patronella testified that she included the information from her investigation of the accident in an accident report. After communicating with Thibodeaux and with Cisneros through a translator at the scene of the accident, Officer Patronella concluded that Thibodeaux failed to yield the right-of-way. She did not recall if Thibodeaux mentioned that he had an obstructed view, but that would be an important detail that she would include in an accident report According to Officer Patronella, if a person's vision is obstructed at a stop sign, the safe way to proceed through the intersection is to pull forward slightly and continue to look to ensure it is clear both ways before proceeding through the intersection. There is not an instance where it would be safe for a driver to look, have an obstructed view, pull forward, and never look again. In her opinion, Thibodeaux moved past the obstruction into the street and should have seen Cisneros before the impact.

Cisneros testified that she saw Thibodeaux's vehicle before the accident. According to Cisneros, Thibodeaux did not stop at the stop sign. She claimed that

5

she swerved and applied her brakes but he was already halfway in the road and she could not avoid an immediate impact.

Soria testified that she was a passenger in the vehicle driven by Cisneros. She did not describe the accident.

Defense witness Brooks testified that she was in the vehicle behind Thibodeaux. Brooks stated that Thibodeaux stopped then eased forward because of hanging tree branches to his right. She looked through a gap from her position farther back. She claimed Thibodeaux never crossed the centerline. She did not speak with the police officer.

The trial court's amended order granting the motion for a new trial includes the following:

> The Court finds that the Jury's answer to Question 1 of the Court's Charge in which the Defendant was found not negligent is contrary to the great weight and preponderance of the evidence and is manifestly unjust. The great weight of the evidence, including Defendant's own admissions, proved that Defendant was in fact negligent. Evidence observed during trial that the Court bases its determination and ruling on includes the following:
>
> a. Defendant agreed that drivers with an obstructed view like he had should proceed cautiously through intersections which includes looking for oncoming traffic. The evidence showed that instead of proceeding with caution, Defendant never looked for oncoming traffic as he proceeded through the intersection.
>
> b. Defendant had the stop sign and duty to yield to Plaintiff's vehicle. Defendant's failure to yield caused the accident.
>
> c. Defendant testified that he never saw the Cisneros vehicle until the collision occurred, again indicating that he never looked for oncoming traffic.

6

d. Defendant agreed with Officer Patronella's finding that he failed to yield the right-of-way to Plaintiff's vehicle.

e. Defendant agreed that he contributed to causing the accident.

f. Defendant testified that he accepted 50% of the responsibility for causing the accident.

g. Defendant testified that had he stopped and looked as he proceeded through the intersection that the accident would never have happened.

h. Officer Patronella investigated the accident. Officer Patronella testified that based on her investigation that she was 100% certain that Defendant failed to yield the right-of-way to Plaintiff.

i. Officer Patronella found Defendant to be the sole cause of the accident.

j. Officer Patronella did not find Plaintiffs contributed to the accident.

k. No direct evidence was presented that Plaintiffs were negligent.

l. Little, if any, circumstantial evidence was presented that Plaintiffs were negligent.

In his mandamus petition, Thibodeaux argues the jury heard testimony that brush and trees to his right obscured his view of the intersecting street and the record supports a finding that he exercised ordinary care by stopping at the stop sign, then moving past the stop sign while looking until he decided it was safe to proceed and moved his vehicle into the lane where it was struck by Cisneros. Cisneros and Soria argue that the jury's verdict is against the great weight and preponderance of the evidence because Thibodeaux admitted he did not continue to look as he moved into the intersection and a person acting with ordinary care would have continued to look until he obtained an unobstructed view before proceeding through the intersection.

They argue Thibodeaux could not have moved into a position where he could see the traffic because he never saw Cisneros's vehicle before the collision.

As we set forth in *In re E.I. duPont de Nemours and Company*, "the long-established precedents in this state demonstrate respect for jury verdicts." 463 S.W.3d at 84–85 (quoting *Herbert v. Herbert*, 754 S.W.2d 141, 144 (Tex. 1988)). The "significant discretion" of a trial court to grant a new trial "should not, and does not, permit a trial judge to substitute his or her own views for that of the jury without a valid basis." *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d at 212. If a trial court's articulated reasons in its order granting a new trial are not supported by the underlying record, the new trial order cannot stand. *See In re Toyota Motor Sales*, 407 S.W.3d at 758. In an original proceeding, the appellate court must determine whether the reasons given by the trial court are reasonably specific and legally sound, and whether the rationale is true. *Id.*

Our mandamus review must be mindful of the different roles of the jury, the trial court, and the appellate court. As stated by one of our sister courts:

> In a mandamus proceeding, we may not substitute our judgment for that of the trial court. But neither may the trial court substitute its judgment for that of the jury in granting a new trial. The method for ensuring that the trial court does not substitute its judgment for that of the jury, is [for the appellate court] to confirm that the court's reasons for granting a new trial are valid and correct, i.e., supported by the trial record.

8

*In re Wyatt Field Serv. Co*., 454 S.W.3d 145, 152 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding [mand. dism'd]) (citations omitted). If, after a review of the record of the trial, the appellate court determines that the record does not support the trial court's stated reasons for granting the motion for new trial, then the trial court will have abused its discretion in granting a new trial based on factual sufficiency. *Id.*

When a party attacks the factual sufficiency of an adverse finding on an issue on which that party had the burden of proof, the party must demonstrate that, considering all of the evidence, the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam). A verdict can be set aside "only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust." *Id*. The jury's failure to find a fact cannot be taken away by the trial court simply because the trial court concludes that the evidence preponderates toward an affirmative answer. *Herbert*, 754 S.W.2d at 144. A "no" answer does not have to be supported by a preponderance of the evidence or even affirmative evidence, because to require such would incorrectly shift the burden of proof. *Clophus v. General Motors Corp*., 769 S.W.2d 669, 670 (Tex. App.—Houston [14th Dist.] 1989, no writ).

Finally, when reviewing a jury verdict, it is the jury that weighs the credibility of the witnesses and the jury may choose to believe all, some, or none of the testimony from the witnesses. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). In a jury trial, the jury is the fact finder and sole judge of the credibility of the witnesses and of the weight to be given to their testimony. *Id*. When presented with conflicting testimony, the jury may believe one witness and disbelieve others, and it may resolve inconsistencies in the testimony of any witness. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986). A reviewing court "must not merely substitute its judgment for that of the jury." *Golden Eagle Archery, Inc.*, 116 S.W.3d at 761.

A driver's failure to yield the right of way does not establish negligence as a matter of law. *Mata v. Coastal Agric. Supply, Inc.*, No. 01-17-00509-CV, 2018 WL 3150869, at *6 (Tex. App.—Houston [1st Dist.] June 28, 2018, no pet.) (mem. op.). When he was asked, "Do you agree that you only entered the intersection when it was safe[,]" Thibodeaux replied, "I felt as if it was safe at the time." The jury heard Thibodeaux testify that he eased forward and looked to his right before he proceeded through the intersection, and reasonably could have found that he acted with reasonable prudence under the circumstances. While Thibodeaux conceded his responsibility for the accident, he at all times maintained that he was not negligent in his actions and we can't say such statements are inconsistent with the position

10

taken by him at the trial that he was not negligent. Thus, his statements do not rise to the level of an admission. *See Wirtz v. Orr*, 575 S.W.2d 66, 71 (Tex. Civ. App.-Texarkana 1978, writ dism'd). The evidence is such that reasonable minds could differ on the meaning of the evidence or the inferences and conclusions to be drawn therefrom. Because the record does not support the trial court's finding that the jury's verdict is contrary to the overwhelming weight of the evidence, the trial court abused its discretion by granting a new trial on grounds of factual sufficiency.

Thibodeaux argues the trial court abused its discretion by granting a new trial because the record does not support its stated reason that juror misconduct probably resulted in an improper verdict. "To warrant a new trial based on jury misconduct, the movant must establish that (1) the misconduct occurred, (2) it was material, and (3) it probably caused injury." *In re Health Care Unlimited, Inc.*, 429 S.W.3d 600, 602 (Tex. 2014) (orig. proceeding) (citing Tex. R. Civ. P. 327(a)). The complaining party bears the burden to prove all three elements before the trial court may grant a new trial. *Id.* Whether jury misconduct occurred and caused injury are questions of fact for the trial court. *Id.* "When the ground of a motion for new trial, supported by affidavit, is misconduct of the jury, . . . the court shall hear evidence thereof from the jury or others in open court[.]" Tex. R. Civ. P. 327(a). The evidentiary hearing is required because "a trial judge ruling on a motion for new trial based on affidavits of juror misconduct alone cannot perform the critical function of assessing the

credibility of the affiants, who are making serious charges about the manner in which their fellow jurors have discharged their duties." *In re Zimmer*, 451 S.W.3d at 901.

In this case, the motion for new trial filed by Cisneros and Soria included a supporting affidavit from one juror, but they presented no evidence in the hearing on the motion for a new trial. Because the complaining party failed to prove jury misconduct in the evidentiary hearing on the motion for new trial, the trial court abused its discretion by granting a motion for new trial on the ground of jury misconduct. *See id.* at 903.

We conditionally grant Thibodeaux's petition for a writ of mandamus. A writ will issue only in the event the trial court fails to vacate its order of April 1, 2020.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on November 20, 2020
Opinion Delivered December 30, 2020

Before McKeithen, C.J., Kreger and Johnson, JJ.

12