

# NUMBER 13-22-00589-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE STATE FARM
## MUTUAL AUTOMOBILE INSURANCE COMPANY

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Silva
Memorandum Opinion by Justice Longoria[1]**

Relator State Farm Mutual Automobile Insurance Company filed a petition for writ of mandamus in the above cause on December 16, 2022. Through this original proceeding, relator contends that the trial court erred by granting a new trial. Because we

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 (requiring the appellate courts to "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

conclude that the new trial order is facially invalid, we conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

Real party in interest Tita G. Teran filed a lawsuit against relator in trial court cause number 2020-DCL-01830 in the 197th District Court of Cameron County, Texas, with the Honorable Adolfo E. Cordova Jr. presiding. Teran sought declaratory relief and damages pursuant to the uninsured/underinsured provisions of her automobile insurance policy with relator. Teran alleged that she sustained personal injuries and damages in an automobile collision when Olivia Lara Galvan, an uninsured driver, made an unsafe lane change and struck Teran's vehicle. Teran sought the following declarations under her insurance policy: (1) she was "a covered person"; (2) Galvan was an "uninsured motorist"; (3) the collision was an "accident"; and (4) relator "is obligated to pay the full amount of the [u]nderinsured [m]otorist [p]rovision's policy limits, plus attorney['s] fees and taxable court costs. . . ."

During pretrial hearings, Judge Cordova suggested that the parties might prefer for a different judge to handle the trial of the case because of his heavy criminal docket. Thus, the case was ultimately submitted to a jury trial before the Honorable Ricardo Adobbati. The jury found that Galvan was negligent and awarded Teran damages. Following the jury's verdict, Teran filed a motion requesting that she be awarded attorney's fees and requesting the trial court to hold an evidentiary hearing regarding the award of such fees. Relator asserted that Teran waived her claim for attorney's fees because, although the parties had agreed to bifurcate Teran's claim for attorney's fees from liability issues at trial, Teran did not submit her request for attorney's fees to the jury.

2

After hearings on these issues, Judge Cordova granted Teran's oral motion for new trial. The order granting a new trial does not provide a rationale for the trial court's ruling.

This original proceeding ensued. By one issue with multiple sub-issues, relator asserts that Judge Cordova abused his discretion in granting Teran's motion for new trial, because: (a) the new trial order is "blank" and "thus contains no specific, articulated reason for which a new trial is legally appropriate"; (b) the "record contains no merits-based reason supporting a new trial"; (c) Judge Cordova "had no valid basis [to grant] a new trial because [Teran] waived her recovery of attorney's fees"; and (d) Judge Cordova "did not have [the] authority to grant a new trial regarding trial proceedings conducted by [Judge Adobbati]." Relator further filed a motion to stay the trial court proceedings. *See* TEX. R. APP. P. 52.10.

This Court granted relator's motion to stay and requested and received a response to the petition for writ of mandamus from Teran.[2] Teran alleges that Judge Cordova did not abuse his discretion by: (1) granting a new trial "without a detailed written order because the basis and the legitimacy of [his] ruling is evident from the record"; (2) concluding that Teran did not "waive" her claim for attorney's fees; and (3) making post-trial rulings in this case.

## II. MANDAMUS

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial

---

[2] Teran's response was not timely filed. Accordingly, Teran filed a motion for leave to file her response. We grant Teran's motion for leave and consider her response on the merits.

3

court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

A writ of mandamus will issue to address a clear abuse of discretion committed by a trial court in granting a new trial. *In re Whataburger Rests., LP*, 429 S.W.3d 597, 598 (Tex. 2014) (orig. proceeding) (per curiam); *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 757–58 (Tex. 2013) (orig. proceeding); *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 689 (Tex. 2012) (orig. proceeding).

### III. NEW TRIALS

Rule 320 of the Texas Rules of Civil Procedure gives the trial court broad discretion to grant a new trial "for good cause, on motion or on the court's own motion." TEX. R. CIV. P. 320. However, because the Texas Constitution guarantees the right to trial by jury, that authority is not "unfettered." *In re Bent*, 487 S.W.3d 170, 175 (Tex. 2016) (orig. proceeding); *see* TEX. CONST. art. I, § 15; *In re Cambell*, 577 S.W.3d 293, 297 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding). Although trial courts have significant discretion in granting new trials, "such discretion should not, and does not, permit a trial judge to substitute his or her own views for that of the jury without a valid basis." *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 212 (Tex. 2009) (orig. proceeding); *see In re United Scaffolding, Inc.*, 377 S.W.3d at 688–89; *In re Pantalion*, 575 S.W.3d 382, 383 (Tex. App.—Beaumont 2019, orig. proceeding) (per

4

curiam).

Thus, we employ a two-tier analysis to determine whether a trial court has abused its discretion in granting a new trial. First, we examine the facial validity of the order granting a new trial. *See In re Bent*, 487 S.W.3d at 176; *In re United Services Auto. Ass'n*, 521 S.W.3d 920, 927 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding [mand. denied]) (describing this analysis as determining "if a new trial order is sufficient on its face"). An order granting a new trial must provide "an understandable, reasonably specific explanation why [the parties'] expectations are frustrated by a jury verdict being disregarded or set aside, the trial process being nullified, and the case having to be retried." *In re Bent*, 487 S.W.3d at 176 (quoting *In re Columbia Med. Ctr.*, 290 S.W.3d at 213); *see In re Munsch*, 614 S.W.3d 397, 400 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding [mand. denied]). A trial court does not abuse its discretion in granting a new trial if its stated reason for granting a new trial is: (1) "a reason for which a new trial is legally appropriate, such as a well-defined legal standard or a defect that probably resulted in an improper verdict"; and (2) "specific enough to indicate that the trial court did not simply parrot a pro forma template, but rather derived the articulated reasons from the particular facts and circumstances of the case at hand." *In re United Scaffolding, Inc.*, 377 S.W.3d at 688–89. A new trial order may be an abuse of discretion if, for example, it is based on a reason that is not legally valid, or "if the articulated reasons plainly state that the trial court merely substituted its own judgment for the jury's," or "the order, though rubber-stamped with a valid new-trial rationale, provides little or no insight into the judge's reasoning." *Id.* at 689.

Second, we perform a merits-based review of the trial court's articulated reasons for granting a new trial. *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d at 758; *see In re Whataburger Rests., L.P.*, 429 S.W.3d at 59. If the articulated reasons are not supported by the law and the record, mandamus relief is appropriate. *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d at 761–62. "[T]he abuse-of-discretion standard applies to merits review just as it does in all mandamus proceedings." *In re Bent*, 487 S.W.3d at 178.

## IV.    ANALYSIS

We begin our analysis with relator's assertion that Judge Cordova abused his discretion in granting Teran's motion for new trial because the "Order Granting Plaintiff's Motion for New Trial" contains no specific, articulated reason for why a new trial is legally appropriate. We agree. The trial court's new trial order merely states that "On this the 1st day of November, 2022, came on to be considered Plaintiff's [O]ral Motion for New Trial, and the Court, after hearing argument of counsel, the Court hereby Grants the motion and Orders a new trial . . . ."

As stated previously, an order granting a motion for new trial must provide a reasonably specific explanation of the court's reasons for setting aside a jury verdict. *In re Bent*, 487 S.W.3d at 173; *In re Columbia Med. Ctr.*, 290 S.W.3d at 213. This order does not contain any rationale for the trial court's ruling, and thus fails to meet the requirements established by the Texas Supreme Court for such an order. Therefore, we conclude that the order granting a new trial is facially invalid. *See In re Bent*, 487 S.W.3d at 176; *In re United Scaffolding, Inc.*, 377 S.W.3d at 688–89; *see also In re Nelsen*, No. 14-19-00600-CV, 2019 WL 4071982, at *2 (Tex. App.—Houston [14th Dist.] Aug. 29,

6

2019, orig. proceeding) (mem. op.) (per curiam) (conditionally granting mandamus relief based on the facial invalidity of the order granting a new trial); *In re Ramos*, No. 13-19-00039-CV, 2019 WL 1930111, at *3 (Tex. App.—Corpus Christi–Edinburg May 1, 2019, orig. proceeding) (mem. op.) (same); *In re Esters*, No. 12-17-00122-CV, 2017 WL 4675368, at *4 (Tex. App.—Tyler Oct. 18, 2017, orig. proceeding) (mem. op.) (same). In sum, the order fails to assure the parties that the decision to disregard the jury's verdict was made only after careful thought and for valid reasons. *See In re Bent*, 487 S.W.3d at 176; *In re United Scaffolding, Inc.*, 377 S.W.3d at 688. Accordingly, we sustain relator's first sub-issue.

In its second and third sub-issues, relator asserts that Judge Cordova abused his discretion in granting Teran's motion for new trial because the record contains no merits-based reason supporting a new trial and there were no valid reasons to grant a new trial because Teran waived her request for attorney's fees. Having concluded that the new trial order was facially invalid, we need not address these merits-based issues. *See* Tex. R. App. P. 47.4; *see also In re Torres*, No. 13-20-00019-CV, 2020 WL 1615667, at *4 (Tex. App.—Corpus Christi–Edinburg Apr. 2, 2020, orig. proceeding) (mem. op.) (concluding that the appellate court need not address merits-based issues when concluding that a new trial order is facially invalid), *subsequent mandamus proceeding*, No. 13-20-00237-CV, 2020 WL 5582368 (Tex. App.—Corpus Christi–Edinburg Sept. 17, 2020, orig. proceeding) (mem. op.); *In re Tex. Farm Bureau Mut. Ins.*, No 01-19-00742-CV, 2020 WL 573249, at *4 (Tex. App.—Houston [1st Dist.] Feb. 6, 2020, orig. proceeding) (mem. op.) ("The remedy for a facially invalid order is a remand to the trial

7

court, which then has the option to deny the motion for new trial or to sign an order that comports with Texas law.").

In its fourth sub-issue, relator contends that Judge Cordova did not have the authority to grant a new trial regarding trial proceedings conducted by Judge Adobbati, who presided over the jury trial. With regard to district courts, the Texas Rules of Civil Procedure provide that "any judge may hear any part of any case or proceeding pending in any of said courts and determine the same, or may hear and determine any question in any case, and any other judge may complete the hearing and render judgment in the case." TEX. R. CIV. P. 330(g); *see id.* R. 330(e) (governing the exchange and transfer of cases); *see also* TEX. CONST. art. V, § 11 ("District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law."). Thus, more than one judge may exercise authority over a single case. *Malone v. PLH Grp., Inc.*, 570 S.W.3d 292, 295 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *Hull v. S. Coast Catamarans, L.P.*, 365 S.W.3d 35, 41 (Tex. App.—Houston [1st Dist.] 2011, pet. denied); *Davis v. Crist Indus., Inc.*, 98 S.W.3d 338, 343 (Tex. App.—Fort Worth 2003, pet. denied). However, although Rule 330(g) "allows a judge to decide after hearing part of a case, . . . it does not allow a judge to rule after hearing none of it." *W.C. Banks, Inc. v. Team, Inc.*, 783 S.W.2d 783, 786 (Tex. App.—Houston [1st Dist.] 1990, no writ). As explained by the Dallas Court of Appeals:

> Courts have upheld the authority of a judge to sign a judgment in accordance with a jury verdict even though the judge did not preside over the trial. Similarly, a judge who did not preside over a bench trial may sign the final written judgment in the case so long as the written judgment merely memorializes an earlier final judgment rendered by the judge who heard the evidence. A judge may also make substantive legal decisions in a case where he did not preside over some or all of the trial so long as the decision does not require the judge to find facts based on evidence he has not heard.

8

> Importantly, a common element in [the cases] is that the fact issues presented were determined solely by the trier of fact who heard the evidence.

> All courts that have addressed the issue directly have held the rules of civil procedure do not authorize a judge to render judgment following a bench trial unless he personally heard the evidence on which the judgment is based.

*Masa Custom Homes, LLC v. Shahin*, 547 S.W.3d 332, 335–36 (Tex. App.—Dallas 2018, no pet.) (internal citations and footnotes omitted) (collecting cases).

Here, Teran's motion for new trial was oral, rather than written, and as stated previously, the basis for the trial court's reasoning in granting a new trial is not delineated in its order. Thus, the record does not indicate whether the new trial order is based on evidence that was not heard by Judge Cordova. Although relator invites us to speculate as to the court's rationale—specifically with regard to any award of attorney's fees, for instance—we decline to engage in conjecture. A petition for writ of mandamus "requires certainty as to both pleadings and facts," and we do not resort to "speculation or supposition" when determining whether to issue extraordinary relief. *In re Carrington*, 438 S.W.3d 867, 869–70 (Tex. App.—Amarillo 2014, orig. proceeding); *see In re Colony Ins.*, 978 S.W.2d 746, 747 (Tex. App.—Dallas 1998, orig. proceeding [mand. denied]). Without more, we overrule this sub-issue.

Finally, relator contends that it lacks an adequate remedy by appeal to address the trial court's error. We agree. The Texas Supreme Court has explained that "absent mandamus review," the parties "will seemingly have no appellate review" of orders granting new trials. *See In re Columbia Med. Ctr.*, 290 S.W.3d at 209. The supreme court reasoned that even if a party could obtain appellate review of a new trial order after a second trial, it could not obtain reversal of an unfavorable verdict unless it convinced the

appellate court that granting the new trial constituted harmful error. *Id.* Moreover, even if an unfavorable verdict were to be reversed and rendered in the party's favor, that party "would have lost the benefit of a final judgment based on the first jury verdict without ever knowing why, and would have endured the time, trouble, and expense of the second trial." *Id.* at 209–10. Thus, relator lacks an adequate remedy by appeal. *See id.*

## V. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the applicable law, is of the opinion that relator has met its burden to obtain relief. Accordingly, we lift the stay previously imposed in this case. Because the new trial order is facially invalid, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its new trial order and conduct further proceedings consistent with this opinion. The writ will issue only if the trial court fails to comply.

NORA L. LONGORIA
Justice

Delivered and filed on the
26th day of January, 2023.